Jack Leroy **RILEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 56406.

Supreme Court of Missouri,
Division No. 1.

Jan. 10, 1972.

D. Sherman Cox, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Jack Leroy Riley appeals from an order denying a Criminal Rule 27.26, V.A.M.R. motion to vacate a 99-year sentence and judgment of conviction of robbery in the first degree by means of a dangerous and deadly weapon.

Appellant's first point: "The trial court was clearly in error in ruling that appellant did not sustain his burden of establishing his grounds for relief due to ineffective assistance of counsel in violation of his rights secured by the sixth and fourteenth amendments by a preponderance of the evidence, for the evidence patently shows that appellant's court appointed counsel considered himself incompetent, failed to effectively cross examine any witnesses, failed to prepare and conduct any defense, and failed to protect appellant's constitutional rights."

The merits of the question of effective assistance of counsel were raised, fully explored and decided adversely to appellant on the original appeal. State v. Riley, Mo.Sup., 394 S.W.2d 360, 361–363. Appellant's first point in his motion for new trial in that case raised the question

of the experience and qualifications of appointed counsel and alleged that he did not have the experience in the trial of criminal cases and procedural knowledge necessary to conduct the defense. Appellant's first point in his brief on the original appeal was that "the trial court erred in refusing to permit defendant to discharge his court-appointed attorney," a point in part based upon the contention that the attorney was inexperienced in criminal law and not competent or qualified to conduct the defense. The State joined issue in its brief, contending that "The record of the trial demonstrates that appellant was adequately represented by a qualified and well-prepared attorney." Donnelly, J., analyzed the evidence touching on the question of the effectiveness of counsel in the trial of the case and concluded: "There is nothing in the record to show that defendant was harmed by [the court-appointed attorney's] efforts or that his representation was ineffective. On the contrary, we have reviewed carefully the entire record in the trial court and conclude that [the court-appointed attorney] performed capably and diligently and that defendant had a fair trial." 394 S.W.2d l.c. 363. We decline to review the question a second time. "* * * [A] motion under Rule 27.26 ordinarily cannot be used as a substitute for a second appeal. Rule 27.26(b) (3); White v. State, Mo., 430 S.W.2d 144, 146[2]." Caffey v. State, Mo.Sup., 441 S.W.2d 681, 682[2], quoted in Morton v. State, Mo.Sup., 468 S.W.2d 638, 639[1]. See also Evans v. State, Mo.Sup., 465 S.W.2d 500; State v. Brown, Mo.Sup., 461 S.W.2d 743; Keeny v. State, Mo.Sup., 461 S.W.2d 731; Malone v. State, Mo.Sup., 461 S.W.2d 727; Gailes v. State, Mo.Sup., 454 S.W.2d 561, and numerous other holdings to the same effect collected in 9B Mo.Dig. Criminal Law, ☞ No. 998(13).

Appellant's second point: "The trial court was clearly in error in ruling that appellant did not sustain his burden of establishing his grounds for relief due to his being denied due process of law as a result of the use of photographs of the petitioner at the trial."

■■ In presenting this point appellant seeks to raise nothing more than an alleged trial error in the admission of evidence; a point available to him and which could have been but was not raised on the original appeal and which is foreign to the objects and purposes of a proceeding under Criminal Rule 27.26. The latter rule may not be used as a vehicle or substitute for a direct appeal involving mere trial errors. See the cases cited under the first point, and Covington v. State, Mo.Sup., 467 S.W.2d 929 (in which, as here, the alleged trial error was the improper admission of certain evidence). Appellant vainly attempts to raise the evidential question to one of constitutional status by claiming that the ruling admitting the photographs violated his Fifth Amendment rights. While the privilege against self-incrimination is a bar against compelling communications or testimony it "offers no protection against compulsion to submit to fingerprinting, *photographing* or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." (Our italics.) Schmerber v. California, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908, in which the court stated that "compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate" the privilege. 384 U.S. l.c. 764, 86 S.Ct. l.c. 1832.

For these reasons there is nothing for review on this appeal. The judgment therefore is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

HOLMAN, P. J., and BARDGETT, J., concur; SEILER, J., concurs in separate concurring opinion filed.

SEILER, Judge (concurring).

Judge Houser's opinion disposes of the ineffective assistance of counsel claim on the basis that the issue cannot be reached under this 27.26 proceeding, because it was ruled on in the original appeal. It is true that the counsel issue was discussed there, but the precise point before the court was whether the trial court committed error in refusing to permit defendant to discharge his court-appointed attorney. Defendant was taking the position that counsel was too inexperienced in criminal law to defend him properly and his counsel kept telling the court the same thing. The case holds that selection of appointed counsel is within the discretion of the trial court and it is not the choice of the defendant. The opinion goes on to say that despite counsel's protestations of incompetence, the record showed that counsel performed capably and defendant had a fair trial.

The opinion in the original case was written in 1965. Experience in the interim has shown that the claim of ineffective assistance of counsel is best dealt with, not on direct appeal, but on motion to vacate under Rule 27.26, where an evidentiary hearing on the precise issue can be held "and a full disclosure of all the facts may be had". See State v. Cluck (Mo.Sup.) 451 S.W.2d 103, 107, so stating, written by Judge Donnelly, who also wrote the opinion on the original appeal in the present case.

See the further elaborations of the soundness of this approach in State v. Blackwell, 459 S.W.2d 268, where this court, en banc, stated: "The first point asserted on appeal is that defendant was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States. We held in State v. Cluck, Mo., 451 S.W.2d 103, 107, that when a defendant believes that 'he was deprived of effective assistance of counsel at trial, he may file a motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R. An evidentiary hearing may then be held and a full disclosure of all the facts may be had'. We declined in that case to review the question as a part of the direct appeal. This conclusion was reached because alleged ineffective assistance of counsel is an issue which usually arises after the conclusion of the trial and as a result there has been no testimony offered on that specific issue, the facts pertinent thereto are not fully developed, and we do not have the benefit of findings, conclusions and a ruling thereon by the trial court.

". . .

". . . An evidentiary 27.26 hearing will give defendant an opportunity to testify as to any alleged ineffective assistance of counsel and will give appointed counsel an opportunity to give his version of what occurred. On addition, both defendant and the State will have the opportunity to offer any other pertinent evidence. We then will have before us the record on this direct appeal plus the testimony taken at the 27.26 hearing. On the basis thereof, we can review the findings and conclusions of the trial court in accordance with Rule 27.26(j) . . ."

In the present case, the trial court, in my view, wisely followed the theory of procedure outlined in the Cluck and Blackwell cases and held a full evidentiary hearing, at which trial counsel in the original case, the assistant circuit attorney who tried the case, the trial judge, and the assignment judge testified. The defendant was offered a chance to testify, but declined.

In the evidentiary hearing, the matter of what trial counsel in the original case did and why, what his knowledge of the criminal practice was, his investigation and preparation, were all gone into much more thoroughly than in the original trial, where the main issue tried was defendant's guilt or innocence. This way of getting at the effective assistance of counsel issue is not using 27.26 as a substitute for a second appeal, in my opinion, but is using the rule exactly as intended.

As a result of the evidentiary hearing, the trial court was able to and did make detailed findings of fact and conclusions of law on the assistance of counsel issue as follows:

"The Court finds that the Petitioner did have effective and competent assistance of counsel in the preparation of his defense, and during his trial . . .

"This Court finds that Petitioner on the 23rd day of December, 1963, was duly arraigned, with counsel from the Public Defender Bureau being present, and at that time waived a reading of the indictment; there is no claim by the Petitioner that he did not understand the nature of the charge against him, or that he requested his court appointed counsel to explain the charge, or that his appointed counsel failed or refused to do so.

"This Court further finds that this court appointed counsel (Grossman) read the indictment himself, even though he did not give a copy to the Petitioner, and further that the trial court, prior to the trial of the cause, gave a copy of indictment to the Petitioner.

"This Court further finds that the Petitioner's court appointed counsel, John Grossman, was deemed to be a highly capable trial attorney by Circuit Judges Robert Kirkwood and David McMullan. Both of these Judges have heard cases tried by Mr. Grossman in the past. Mr. Grossman has practiced law in the St. Louis metropolitan area since 1922, and he has tried possibly one thousand jury civil cases in the Circuit Court prior to the Riley appointment, and tried a couple thousand cases before the Judge in the Magistrate Court prior to the Riley appointment. Further, that he has tried criminal cases in the past and conducted preliminary hearings and pre-trial motions prior to his appointment. That he was in the practice of law with one of the best known and highly respected criminal attorneys in the St. Louis metropolitan area for most of his legal career, and during this time he discussed with and assisted in the preparation of trial briefs with this well known criminal attorney.

"This Court further finds that Mr. Grossman discussed this case with the Petitioner and a member of the Circuit Attorney's staff prior to the trial of this cause. He conferred with the counsel for one of the co-defendants of Petitioner relative to the testimony of one of the key witnesses, and he further testified if counsel had taken depositions relating to the Petitioner's case he read them. Further, Grossman examined the court file prior to the trial of the cause.

"The Court further finds that the Petitioner refused to cooperate with Mr. Grossman in the preparation of any defense, and did not give him the name of any witness that he desired Grossman to call on his behalf. That following the close of the State's case, the Petitioner himself refused to take the stand, and refused to permit, or to authorize, Mr. Grossman to present any defense of any nature, or kind, whatsoever in his behalf.

". . .

"The Court finds that, despite Mr. Grossman's opinion that he was not competent to handle a criminal case, and that the Petitioner did not get a fair trial, the Court finds the record before it that Mr. Grossman performed capably and diligently, even though he had no cooperation whatsoever from the Petitioner either prior to or during the trial, and the Court further finds that Petitioner, based upon the whole record before it, had a fair trial . . ."

In my opinion, the record at the 27.26 hearing shows that the findings, conclusions and judgment of the trial court on the claim of ineffective assistance of counsel are not clearly erroneous, and I would affirm on that basis.