**Charles A. JONES, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 26539.**

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1973.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Kansas City, Jerry L. Wilkerson, Certified Law Intern, for appellant.

5. Giglio v. United States, supra.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

This is an appeal from a denial of a motion under Rule 27.26, V.A.M.R., filed in the Circuit Court of Jackson County, Missouri. Appellant's only point on appeal concerns alleged error in the original criminal proceeding in which he was convicted of the second degree murder of a woman whom he assaulted.

Appellant had been tried previously upon the same charge, and the jury was eleven to one for acquittal, resulting in a mistrial. At that trial, the main thrust of the defense was that the State had not proven that the death occurred as a result of the assault by the defendant, but rather as a result of negligence of doctors in failing to diagnose the fractured skull which resulted in her death. In that first trial, the State offered only the evidence of a deputy coroner as to the cause of death.

In this trial, the State offered and the court received testimony of the eight physicians who treated or examined the decedent during the six-day period from the time of the assault until her death. The omission of the testimony of any of these physicians would have subjected the State's case to the same attack which had nearly succeeded in an acquittal. There was an interval between the assault and the first examination by a doctor, and the decedent, being unable to give a coherent history, was referred as a psychiatric patient. Thereafter, she was examined by a series of physicians and not until the autopsy was it determined she had suffered a severe brain injury from a blow to the head.

Counsel, at the second trial in cross examination and argument pursued the same tactic. No objection was made to the admission of the testimony. Adroit defense counsel exploited every discrepancy to suggest that decedent's death was due to negligence in treatment, and not as a direct result of trauma.

The appellant now contends that the introduction of the testimony of eight medical doctors, although it may have had probative value, should have been excluded by the trial court even though there was no objection made at trial. Appellant asserts that the testimony offered may have unduly aroused the emotions, prejudice, or hostility of the jury and should have been excluded; alternatively, the trial court could have excluded the evidence on the grounds that it consumed an undue amount of time. Appellant apparently seeks to avoid the rule that trial errors will not be considered in post-conviction proceedings by alleging that the introduction of this evidence was so prejudicial as to effectively deny him a fair trial.

Error committed in the admission of evidence in a criminal proceeding is trial error and is not cognizable in a proceeding under Rule 27.26. O'Neal v. State, 486 S.W.2d 206 (Mo.1972). Riley v. State, 475 S.W.2d 63 (Mo.1972). State v. Warren, 406 S.W.2d 605 (Mo.1966). The reason for this rule is found in the language of Rule 27.26 as follows:

"A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." Rule 27.26(b)(3).

In the *Riley* case, supra, the court said:

"In presenting this point appellant seeks to raise nothing more than an alleged trial error in the admission of evidence; a point available to him and which could have been but was not raised on the original appeal and which is foreign to the objects and purposes of a proceeding under Criminal Rule 27.26. The latter rule may not be used as a vehicle or sub-

stitute for a direct appeal involving mere trial errors." 475 S.W.2d at 64.

 Furthermore, the mere allegation that the admission of the evidence deprived the movant of his constitutional right to due process of law by resulting in an unfair trial is not sufficient to raise the status of the trial error to constitutional proportions. In O'Neal v. State, supra, it was said:

"Trial errors cannot be brought into the scope of Rule 27.26 by simply alleging as a conclusion that they resulted in an unfair or impartial trial, or that they affected constitutional rights. These various contentions are not reviewable in this 27.26 proceeding." 486 S.W.2d at 208.

For additional authority for the proposition that trial errors are not cognizable in Rule 27.26 proceedings upon the bare allegation that those trial errors resulted in a denial of due process, equal protection or a fair trial, see Davis v. State, 482 S.W.2d at 468, 470 (Mo.1972).

The judgment of the trial court is affirmed.