STATE of Missouri, Plaintiff-Respondent,

v.

Kenneth A. HALL, II,
Defendant-Appellant.

No. KCD 27514.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Dale Reesman, Boonville, for defendant-appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM:

The defendant was tried by the court without a jury on a charge of first degree robbery. Finding defendant guilty, the court sentenced him to a five year penitentiary term. Defendant appeals, contending: (1) the false testimony of one of the State's witnesses was such as to destroy that witness' credibility and to cast doubt upon the witness' entire testimony; (2) the evidence as a whole raises reasonable doubt as a matter of law concerning defendant's guilt; (3) defendant was effectively denied the right to a jury trial as a result of his trial attorney's alleged ineffectiveness. The judgment is affirmed.

Defendant's first point is supported by arguments addressed to supposed

inconsistency in the witness' statements. This raises only an issue as to credibility. It is not within the province of an appellate court to pass upon credibility of witnesses. State v. Earnest, 162 S.W.2d 338 (Mo.App. 1942). Determination of the credibility of witnesses in a court-tried case is a matter for the trial court. *State v. Earnest, supra.*

■ Defendant's second point, alleging that the evidence as a whole raises reasonable doubt as a matter of law concerning his guilt, is in reality an attack on the sufficiency of the evidence. *State v. Strong,* 484 S.W.2d 657 (Mo.1972); *State v. Earnest, supra,* at 342. In determining such sufficiency, the evidence and all reasonable inferences therefrom in the light most favorable to the verdict are considered, and all evidence and inferences to the contrary are rejected. *State v. Boone,* 490 S.W.2d 318 (Mo.App.1973). So viewing the evidence, the trial court could have found the following.

■ On February 22, 1973, defendant and two companions picked up hitchhikers in the Kansas City, Missouri area and proceeded to drive east on Interstate 70 to the Arrow Rock/Pilot Grove exit. Just before exiting onto the Arrow Rock/Pilot Grove turnoff, there was a disturbance in the car between one Jamison and a girl named Marie—Jamison being one of the hitchhikers and the victim of the robbery; Marie being one of the defendant's traveling companions. The disturbance involved Jamison, who was in the back seat, reaching over the front seat and twice touching Marie on her shoulder or breast. The second time Jamison touched Marie, one Hopkins (driver of the car and boyfriend of Marie) pulled the car off Interstate 70 onto the above-mentioned exit, while shouting that he was going to beat Jamison's head in. Before the car stopped, either Hopkins or defendant demanded Jamison give them his money. After the car stopped, the defendant and Hopkins forcibly removed Jamison from the vehicle. During this removal, the defend-ant hit Jamison once and kicked Jamison once. Jamison was knocked to the ground, and while there, was struck by a motorcycle chain 30 to 50 times. Both Hopkins and the defendant were standing over Jamison at the time of this beating. Thereupon, the defendant directed Jamison's hitchhiking companion (one Mortimer) to take Jamison's money, lest Jamison be killed. Mortimer complied, giving the money so removed from Jamison to either Hopkins or Hall. After Jamison was beaten and robbed, the defendant, Marie, Hopkins, and Mortimer all drove off, leaving Jamison in a ditch beside the road. These facts suffice to make a case of first degree robbery.

In the Points Relied On, the defendant claims that "due to his counsel's misrepresentations, [he] was effectively denied the right to a jury trial." Then, in the argument portion of his brief, he contends that he "felt" and had been so advised by his attorney, family, and friends, that a Cooper County jury would be prejudiced against him and, therefore, when his lawyer told him that he could not obtain a change of venue, and recognizing that he would consequently not be able to be tried by a jury composed of persons from a county other than Cooper County, he believed his only chance for acquittal was to waive trial by jury in Cooper County and proceed before the court as his trial lawyer advised. The defendant alleges that by misleading him as to the change of venue issue and by causing him to understand that a jury, no matter to what county venue would be taken, would be composed of Cooper County residents, his trial attorney caused him to be denied effective assistance of counsel *and* to be deprived of his right to a jury trial.

■ Whether defendant is arguing (1) he was denied the right to a jury trial *and* he was ineffectively represented by counsel or whether he is arguing that (2) he was denied the right to a jury trial *because of* the alleged ineffective assistance of trial counsel, is not clear. In either event, the record

indicates that the defendant is not entitled to relief under this point.[1]

At the beginning of the trial, the defendant was questioned by the trial judge as follows:

THE COURT: Mr. Hall, do you understand that you are charged in this particular case with the crime of robbery; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have the Constitutional right to have your case heard by a jury of twelve persons?

THE DEFENDANT: Yes, sir.

THE COURT: And that at that trial, before you could be convicted by the Jury, that all twelve members of the Jury would have to agree upon your guilt; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And is it your desire to waive your right to jury trial and to have this case heard by the Court without a Jury?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand, Mr. Hall, that in regard to guilt or innocence it's necessary that the State convince me, not twelve people, but only me; that they prove their burden beyond a reasonable doubt to one person, not to twelve; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And knowing that, it's still your desire to have the case heard by the Court and not by the Jury?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Have you discussed this with Mr. Eldredge, your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Has he explained to you that you have the Constitutional right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I haven't read the complete file on this case. I take it this case originated in Cooper County?

MR. WOOLDRIDGE: Yes, sir.

THE COURT: All right. And you are aware you have the right to take a change of venue and to have it heard in another county by some other jury other than a Cooper County Jury; are you aware of that?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that, is it your desire to have the case heard by the Court and not by the Jury?

THE DEFENDANT: Yes, sir.

THE COURT: All right. The Court will find—Has anybody, incidentally, Mr. Hall, anybody threatened you in any way, or promised you, to get you to waive your right to trial by Jury in this case?

THE DEFENDANT: No, sir.

THE COURT: All right. You are doing so freely and voluntarily on your own behalf?

THE DEFENDANT: Yes, sir.

THE COURT: All right. The Court will find that you have freely and voluntarily waived your right to trial by Jury. Would you be seated.

---

1. The appellate courts of this State have often determined that the issue of ineffectiveness of assistance of counsel is better taken up, generally speaking, in a motion filed under Supreme Court Rule 27.26, V.A. M.R., than it is on direct appeal. *State v. Cluck,* 451 S.W.2d 103 (Mo.1970); *State v. Hedrick,* 499 S.W.2d 583 (Mo.App.1973), and *State v. Blackwell,* 459 S.W.2d 268 (Mo. banc 1970). However, when, as here, the record on appeal contains facts sufficient for a meaningful review, the court may review the issue on direct appeal. *State v. Nolan,* 499 S.W.2d 240 (Mo.App.1973); *State v. Smith,* 454 S.W.2d 539 (Mo.1970).

As the above colloquy indicates, the defendant knew he had a right to a change of venue. Further, he was explicitly advised of his right to a trial by jury.

It is manifest then that the defendant was not denied a jury trial, but rather, that he voluntarily and knowingly waived such a right. It is also abundantly clear he could not have been misled as to his right to a change of venue.

Additionally, prior to sentencing, the following colloquy appears:

THE COURT: Before we proceed with the sentencing, Mr. Hall, do you have any complaints to make in regard to Mr. Eldredge's services to you in this case?

THE DEFENDANT: No, I don't.

THE COURT: Do you feel that he's adequately and competently represented you in this case?

THE DEFENDANT: Yes, sir.

Obviously, the claim of inadequacy of counsel now presented is an afterthought, making even clearer the spurious nature of defendant's present claim as to his counsel's services.

The judgment is affirmed.