STATE of Missouri,
Plaintiff-Respondent,

v.

Gerald G. JOHNSON,
Defendant-Appellant.

No. 12369.

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 1982.

Motion for Rehearing or to Transfer to
Supreme Court Overruled July 9, 1982.

Application to Transfer Denied
Sept. 13, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Gerald G. Johnson, was jury-convicted of the crime of robbery in the first degree, and sentenced by the trial court to 30 years' imprisonment in accordance with the jury verdict. This appeal followed.

The evidence presented to the jury established beyond a reasonable doubt that Johnson and two other individuals, Carl and Gerald Denny, committed the crime charged by obtaining money at gun point from the night auditor of the Branson Inn, Branson, Missouri, during the early morning hours of February 16, 1980. All three men were charged with the crime. Carl Denny was tried and convicted before Johnson's trial on substantially the same evidence as was presented to the jury here. See *State v. Denny*, 619 S.W.2d 931, 932–933 (Mo.App.1981).

Ten of the venire persons summoned as jurors in Johnson's case had served as jurors in the Denny case. This fact was recognized by the prosecuting attorney and defense counsel during their voir dire questions. None of the potential jurors in the Johnson case indicated that they were biased or prejudiced against Johnson by reason of what they had heard as evidence in the Denny case, and indicated that they could give Johnson a fair and impartial hearing based on the evidence they heard in this case.

The trial court, on its own motion, struck three members of the jury panel for cause, and sustained defense counsel's challenges for cause of three other potential jury members. None of the challenges were made by reason of prior jury service by those persons in the Denny case. The jury panel, after the court acted in excusing jurors for cause, consisted of 26 persons. Nine persons remained on the panel who had served as jurors in Denny's case. Defendant exercised five of his six peremptory

challenges to remove veniremen who had served in the Denny case. Four Denny case jurors remained on the panel and served on the Johnson jury.[1]

At no time did defense counsel move to quash the jury panel or strike individual jurors because of the prior service of some of its members in the Denny case, nor did he raise any objection to any juror serving for that reason. After conviction, defendant raised such an objection, for the first time, in his motion for new trial.

Defendant's first two points raised on appeal are related. He alleges that the trial court erred 1) in not removing for cause potential jurors from the jury panel who had sat on the Denny jury; and, 2) in permitting some Denny case jurors to sit on the jury that tried Johnson. He claims that these alleged trial court errors deprived him of his right to an impartial jury panel and jury.

Since defense counsel made no objection to the jury panel at the time of the trial for the reasons now stated, he waived his right to review on these points. We are urged to review these points for plain error as permitted by Rule 30.20, V.A.M.R. While plain errors affecting substantial rights may be considered when the appellate court finds that manifest injustice or miscarriage of justice has resulted therefrom, we find nothing in the record on appeal to mandate such treatment.

A trial court is under no duty to strike any venireman from a jury panel on its own motion. *State v. Gamache*, 519 S.W.2d 34, 41 (Mo.App.1975). In addition, there is nothing in the record to show that any member of the jury panel, or the jury, was prejudiced against Johnson by reason of their service on the Denny jury.

Mere assertions of prejudice by defense counsel in a motion for new trial, or

---

1. Appellant, in his brief, states that there were only nine persons on the jury panel who had also served as jurors in the Denny case. However, the record reveals that there were ten persons on the jury panel who had also served on the Denny case, but that one of those ten was excused for cause by the trial court due to her severe sinus problem. Appellant also states in his brief that three Denny case jurors served on the Johnson jury. Again, the record shows that there were actually four.

in a brief on appeal, are not sufficient to sustain defendant's burden of proving that the jury panel, or individual jurors, were prejudiced against him. *State v. Howard*, 606 S.W.2d 268, 269 (Mo.App.1980). See also *State v. Gamache*, supra, at p. 41. Points one and two are denied.

■ Johnson's final point relied on is that his trial counsel was ineffective either by reason of his failure to challenge for cause any and all members of the jury panel who had served on the Denny jury, or by reason of his failure to advise defendant of his right to challenge the Denny jurors for cause. The test for ineffective assistance of counsel is two-pronged. First, whether counsel exercised the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. Second, whether counsel's failure to exercise such skill and diligence resulted in prejudice to his client. *Seales v. State*, 580 S.W.2d 733, 735–737 (Mo.banc 1979).

■ The record here contains sufficient facts for review of that question, although the issue of ineffectiveness of assistance of counsel generally is better taken up on a motion to vacate sentence than on direct appeal. See *State v. Hall*, 525 S.W.2d 364, 365 (Mo.App.1975). Even if we assumed that the defendant's trial attorney failed to exercise the requisite skill and diligence in not challenging for cause the Denny jurors, or in not informing the defendant of his right to challenge the Denny jurors for cause, there is nothing in the record to show that Johnson was prejudiced by such failure. See *Kelton v. United States*, 394 F.Supp. 173, 177–180 (W.D.Mo. 1975), aff'd. 518 F.2d 531, 533–534 (8th Cir. 1975), cert. den., 423 U.S. 1021, 96 S.Ct. 460, 46 L.Ed.2d 394 (1975), and *Barkwell v. State*, 619 S.W.2d 511, 512 (Mo.App.1981).

The evidence of defendant's guilt was overwhelming, he had a fair trial, and we find no error on the part of the trial court that resulted in manifest injustice or a miscarriage of justice.

The judgment is affirmed.

All concur.