**Gerald Glenn JOHNSON, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15446.**

Missouri Court of Appeals,
Southern District,
Division One.

June 15, 1988.

Application for Transfer to
the Supreme Court Denied
July 1, 1988.

Donald L. Clough, Springfield, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

Gerald Glenn Johnson, Jr. ("movant") appeals from a judgment denying his amend-

ed motion under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986),[1] to vacate his conviction, per jury trial, of robbery in the first degree, § 569.020, RSMo 1978, and 30–year prison sentence. The conviction was affirmed on direct appeal. *State v. Johnson*, 637 S.W.2d 290 (Mo.App. 1982).

Movant briefs one assignment of error, an understanding of which requires the following history.

Three men displaying guns committed a robbery at the Branson Inn in Taney County on February 16, 1980; all were charged. Carl Denny was the first of the trio to be tried. He was found guilty by a jury October 8, 1980, and the conviction was affirmed. *State v. Denny*, 619 S.W.2d 931 (Mo.App.1981).

When the venire was assembled for movant's trial on March 2, 1981, ten members thereof were persons who had served on the Denny jury, a circumstance recognized by the prosecuting attorney and movant's attorney during voir dire questioning. None of the veniremen in movant's case indicated they were biased or prejudiced against movant by reason of the evidence adduced at the Denny trial, and all indicated they could give movant a fair and impartial hearing based on the evidence to be presented in his case.

The trial court excused six members of the venire for cause (all unrelated to the Denny trial), whereupon 26 persons remained from which to select movant's jury. Of those, nine had been on the Denny jury. Movant exercised five of his six peremptory challenges against persons who had served on the Denny jury. Four Denny jurors remained; those four served on movant's jury.

At no time did Movant's attorney (henceforth referred to as "defense counsel") move to quash the venire or to strike individual members therefrom on the ground that some had served on the Denny jury, nor did defense counsel raise any objection to any venireman serving for that reason.

On appeal, movant charged the trial court with error in (1) failing to remove for cause those members of the venire who had sat on the Denny jury, and (2) permitting four Denny jurors to sit on the jury that tried movant. This Court, reviewing the points for plain error, denied them, finding nothing in the record to show that any member of the venire was prejudiced against movant by reason of service on the Denny jury. *Johnson*, 637 S.W.2d at 291.

Movant also asserted on direct appeal that defense counsel rendered ineffective assistance by (1) failing to challenge for cause all members of the venire who had served on the Denny jury, or (2) failing to advise movant of his right to challenge such persons for cause. *Id.* at 292. This Court held that the record contained sufficient facts for review of that question, although the issue of ineffective assistance was generally better taken up on a motion to vacate. *Id.* at 292[7]. Assuming arguendo that defense counsel had failed to exercise the requisite skill and diligence in the two respects assigned, this Court determined that movant was nevertheless entitled to no relief, as there was nothing in the record to show that he was prejudiced by counsel's omissions. *Id.* at 292[8].

In his amended motion for post-conviction relief under Rule 27.26, movant averred defense counsel rendered ineffective assistance in failing to challenge for cause the nine individuals who had served on the Denny jury and who remained on the venire for movant's trial after the six veniremen stricken for other causes had been removed. The circuit court, henceforth referred to as "the motion court," heard evidence presented by movant in support of that allegation over the objection of the prosecutor, who maintained that the

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

issue had already been adjudicated adversely to movant on direct appeal.

Pertinent to the present appeal, Shelba Braden testified in the motion court that she served as a member of the jury that tried Denny and also as a member of the jury that tried movant. Ms. Braden acknowledged that during the Denny trial there was testimony that movant was at the Branson Inn with a weapon that had a scope on it, and that she had no reason to disbelieve the testimony of the State's witnesses at the Denny trial. Therefore, conceded Ms. Braden, she was firmly convinced that movant "had in fact robbed Branson Inn."

Dorothy Powell, testifying in the motion court, recalled she was a member of the jury that tried Denny. The record of movant's trial, of which the motion court took judicial notice, showed that Ms. Powell was also a member of the jury that tried movant. Ms. Powell told the motion court that after the Denny trial she was convinced that movant had participated in the robbery with Denny, as "[t]hat's what all the evidence had pointed to."

Donna David testified in the motion court that she served as a member of the jury that tried Denny and that she was a member of the venire at movant's trial. The record of the latter proceeding showed that Ms. David was peremptorily challenged by movant. According to Ms. David, movant was identified at the Denny trial as one of the robbers, and she was convinced after the Denny trial that Denny and movant were guilty of robbery.

Movant testified in the motion court that during jury selection at his trial he told defense counsel he did not want any of the Denny jurors serving on his jury. According to movant, defense counsel responded that movant "could only strike six."

The motion court's findings of fact and conclusions of law noted the holding of this Court on movant's direct appeal that there was nothing in the record to show that movant was prejudiced by defense counsel's failure to challenge the Denny jurors

for cause or failure to inform movant of his right to do so. The motion court said: "[B]ased upon the totality of all the evidence presented to the Court ... the Court concludes, as did the appellate court, that movant's guilt was overwhelming; and that movant's attorney, during the ... robbery trial, was not ineffective."

Movant's lone point on appeal states:

"The [motion] court erred when it ruled that movant's trial counsel was not ineffective ... because the uncontroverted evidence showed

1. Ten of the venire persons summoned ... in movant's case had served as jurors in ... Denny's case. Four Denny case jurors remained on movant's jury after challenges by the court and [defense] counsel....

2. At no time did [defense] counsel move to quash the jury panel or strike individual jurors because of the prior service of some of its members in the Denny case....

3. That juror Shelba Braden after the Denny trial, was firmly convinced that movant had in fact robbed the Branson Inn....

4. That Dorothy Powell, a member of movant's jury panel, had served on the Denny jury and she was convinced after the Denny trial that movant was guilty and had participated in a robbery with Mr. Denny....

5. That Donna David, a member of movant's jury panel and a member of the Denny jury, was convinced after the Denny trial that movant was guilty of robbery....

6. [Defense] counsel incorrectly informed movant that he could only strike six persons from the jury panel even though they had served on the Denny jury....

As a result, four members of the Denny jury also served on [movant's] jury and movant was denied a fair trial because of [defense counsel's] failure to exercise the customary skill and dil-

igence that a reasonably competent attorney would exercise under similar circumstances and this failure resulted in prejudice to movant because movant did not have an unbiased jury panel nor an unbiased jury."

The State responds that the motion court was not clearly erroneous in denying post-conviction relief inasmuch as the above issue "was raised on direct appeal and decided adversely to [movant]."

In *State v. Cluck*, 451 S.W.2d 103 (Mo. 1970), a prisoner asserted on direct appeal that the lawyer who had represented him at trial had rendered ineffective assistance. The Supreme Court of Missouri acknowledged it was proper to raise such issue, but declined to review it because the record did not sufficiently develop facts essential to a meaningful review. *Id.* at 106–07[7, 8]. The Supreme Court pointed out that the prisoner could file a motion to vacate his sentence under (then) Rule 27.26. *Id.* at 107. An evidentiary hearing could then be held and a full disclosure of all the facts could be had. *Id.*

In *State v. Blackwell*, 459 S.W.2d 268 (Mo. banc 1970), the Supreme Court of Missouri stated that alleged ineffective assistance of counsel is an issue that usually arises after the conclusion of the trial, and as a result there has been no testimony offered on that specific issue, the facts pertinent thereto are not fully developed, and a court reviewing a conviction on direct appeal does not have the benefit of findings, conclusions and a ruling thereon by the trial court. *Id.* at 269.

In the instant case, movant, as we have seen, raised on direct appeal the precise issue of ineffective assistance of counsel that he subsequently raised in this 27.26 proceeding. This Court, in movant's direct appeal, concluded that the record was adequate for review of that issue, and resolved such issue adversely to movant.

Movant's case is not the only instance where ineffective assistance of counsel has been raised on direct appeal and adjudi-

cated by the appellate court. Other cases where that has occurred include *State v. Williams*, 652 S.W.2d 102, 116 (Mo. banc 1983); *State v. Murphy*, 592 S.W.2d 727, 734 (Mo. banc 1979); *State v. Hamell*, 561 S.W.2d 357, 361–64 (Mo.App.1977); *State v. Hall*, 525 S.W.2d 364, 365–67 (Mo.App. 1975); and *State v. Nolan*, 499 S.W.2d 240, 251–52 (Mo.App.1973).

An issue raised and decided on direct appeal cannot be relitigated in a post-conviction proceeding under Rule 27.26, and this is true even if the litigant has a different theory to suggest. *Sweazea v. State*, 515 S.W.2d 499, 501–02 (Mo. banc 1974); *Windle v. State*, 669 S.W.2d 44, 46[3] (Mo.App.1984); *Medley v. State*, 639 S.W.2d 401, 404[6] (Mo.App.1982).

In *Murphy*, 592 S.W.2d at 734, the accused maintained on direct appeal that the attorney who represented him at his jury trial rendered ineffective assistance in introducing medical records of a hospitalization of the accused which included information thereafter utilized by the prosecutor in attacking the accused's defense. The Supreme Court of Missouri found that the record was sufficient to review the point, and rejected it. *Id.* The accused subsequently sought post-conviction relief under Rule 27.26, asserting, among other things, the same claim of ineffective assistance rejected on direct appeal. *Murphy v. State*, 636 S.W.2d 699, 700 (Mo.App.1982). This Court summarily rejected the point, as it had previously been considered and denied on direct appeal and thus could not be relitigated in a 27.26 proceeding. *Id.*

In *State v. Riley*, 394 S.W.2d 360, 361–63 (Mo.1965), the accused insisted on direct appeal that the trial court had erred in forcing a specific court-appointed attorney on the accused as his trial counsel after the attorney had manifested a lack of competence in criminal law. Rejecting the point, the Supreme Court of Missouri found nothing in the record to show that the accused was harmed by the attorney's efforts or that the attorney's representation was ineffective. *Id.* at 363. On the contrary, the

Supreme Court concluded the attorney had performed capably and diligently and that the accused had received a fair trial. *Id.* In a subsequent proceeding under Rule 27.-26, the accused maintained he had received ineffective assistance of counsel. In an appeal from a trial court order denying relief, the Supreme Court of Missouri held that the merits of the question of effective assistance of counsel were raised, fully explored, and decided adversely to the accused on the original appeal. *Riley v. State*, 475 S.W.2d 63 (Mo.1972). Declaring that a motion under Rule 27.26 ordinarily cannot be used as a substitute for a second appeal, the Supreme Court declined to review the question of ineffective assistance a second time. *Id.* at 64.

■ Movant, of course, was not obliged to raise the issue of ineffective assistance of counsel on direct appeal, as the normal remedy for a complaint of ineffective assistance at the time of movant's trial was by post-conviction proceeding under former Rule 27.26. *Cluck,* 451 S.W.2d at 106–07; *State v. Hedrick,* 499 S.W.2d 583, 586 (Mo. App.1973). However, having opted to tender the issue on direct appeal and having received a ruling on it in that appeal, movant cannot now present the issue anew. *Murphy,* 636 S.W.2d at 700; *Riley,* 475 S.W.2d at 64. While the motion court's denial of relief appears to have been for a different reason than that, such fact is immaterial, as the motion court reached the correct result. *Mercer v. State,* 666 S.W.2d 942, 947[11] (Mo.App.1984); *Jones v. State,* 604 S.W.2d 607, 609[5] (Mo.App.1980); *Durham v. State,* 571 S.W.2d 673, 677[3] (Mo.App.1978).

■ However, even if movant were entitled to raise the issue again, it would, as we shall see, be unavailing.

In his brief movant lists six "facts" that he maintains were established at Denny's trial but not at movant's. In considering this contention we take note that the three bandits were apprehended by Harrison, Arkansas, authorities a few hours after the holdup. The six "facts" are discussed seriatim.

1. It was the gun with a scope that movant was carrying that "really shocked" the victim. At Denny's trial, the victim was shown a gun with a scope on it, and identified it as the gun movant was carrying. The witness said, "That's the one that really shocked me." At movant's trial the victim was shown the same gun and identified it as the gun movant was carrying when movant took money from the victim.

2. The victim observed two of the guns and Denny's driver's license at the Harrison police station the morning after the robbery. The victim so testified at Denny's trial, but was not asked about this at movant's trial. However, at both trials the victim was shown two guns in addition to the one he identified as movant's. At each trial the victim identified one of the guns as having been carried by Carl Denny, and the other as having been carried by the third culprit (Denny's brother).

3. There was no doubt in the victim's mind at the time of the Denny trial as to the identity of the robbers. The victim so testified at the Denny trial. At movant's trial the victim testified that the three people who robbed him were Carl Denny, movant, and Denny's brother. The victim identified movant in open court at movant's trial and testified there was no doubt that movant was one of the robbers, as movant had stood directly in front of the victim at a distance of two feet at one point during the robbery.

4. There were ice problems north of the Arkansas state line. At Denny's trial a Harrison police officer testified he saw a maroon Pontiac Grand Prix at the Holiday Inn in Harrison after receiving a communique about the robbery. The vehicle had a Missouri tag on the back and a thick layer of ice on the trunk lid. The officer added it was not icy in Harrison but he had reports of ice problems north of the state line. At movant's trial, the officer testified the Grand Prix carried a Missouri tag and had ice on its trunk, and that there was no precipitation or ice in Harrison.

5. A key to room 103 at the Holiday Inn in Harrison and a cartridge for a .45 semiautomatic were found in the taxicab. The Harrison officer so testified at Denny's trial, but was not asked about this at movant's trial. The officer did, however, testify at movant's trial that he saw two individuals leave room 103 at the Holiday Inn and enter a taxicab. The officer testified at both trials that he saw the cab later at the Harrison airport; movant and Denny's brother were in the backseat. They were arrested. A search of room 103 at the Holiday Inn yielded a .45 semiautomatic pistol, identified at both trials by the victim as the gun carried by Denny's brother.

6. The Grand Prix checked to Denny's brother. The Harrison officer so testified at Denny's trial, but was not asked about this at movant's trial. However, at both trials the evidence showed that the gun with the scope was found in the Grand Prix.

It is obvious from the above that there were no significant "facts" established at Denny's trial that were not also established at movant's trial. This confirms our determination in movant's original appeal that the evidence at both trials was essentially the same, *Johnson*, 637 S.W.2d at 291, and that movant was not prejudiced by defense counsel's failure to challenge for cause all members of the venire who had served on the Denny jury.

█ To prevail on a claim of ineffective assistance of counsel, a prisoner must show not only that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, but also that the attorney's ineptitude prejudiced the prisoner. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Inasmuch as the four individuals who served on the Denny jury and thereafter on movant's jury did not learn anything incriminatory of movant at the Denny trial that was not subsequently presented at movant's trial, we fail to see how movant was prejudiced. Consequently, even if his claim of ineffective assistance of counsel could be raised in the instant proceeding, it would be meritless.

Judgment affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.