Richard ZEITVOGEL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 39728.

Missouri Court of Appeals,
Western District.

Sept. 13, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 1, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Jeffrey J. Rosanswank, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson (argued), Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and
SHANGLER and TURNAGE, JJ.

NUGENT, Judge.

On January 8, 1985, a jury convicted Richard Zeitvogel of capital murder[1] for killing his cellmate in the Missouri State Penitentiary, and the court sentenced him to death. The Missouri Supreme Court affirmed his conviction and sentence in *State v. Zeitvogel*, 707 S.W.2d 365 (Mo.1986) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168. The current appeal arises from the hearing court's denial of his Rule 27.26[2] motion in which he alleged that he was denied effective assistance of counsel. We affirm.

For the purposes of this opinion we will distill appellant Zeitvogel's six points of error into three allegations of ineffective assistance of counsel. He argues that trial counsel was ineffective because (1) he

---

1. Section 565.001, 1978, repealed October 1, 1984.

2. Missouri Rules of Criminal Procedure repealed effective January 1, 1988.
   This case was argued and submitted before July 1, 1988, and therefore, does not fall under the Supreme Court's June 16, 1988, order requiring that all appeals of Rule 27.26 cases involving convictions in which the death penalty was imposed be transferred to the Supreme Court.

failed either to move to quash the jury panel or to question the jurors concerning the possible prejudice arising from a comment by a member of the venire; (2) he failed to interview or subpoena witnesses suggested by Mr. Zeitvogel; and (3) he did not present mitigating evidence in the penalty phase of the trial.

The facts relevant to the underlying conviction are in *State v. Zeitvogel, supra.* The facts relevant to the current appeal follow.

Mr. Zeitvogel appeared at trial bound in shackles. He personally objected to this procedure. The judge overruled his objection, explaining that in light of his violent record the procedure was necessary for the security of the court. During voir dire, a member of the venire, Laura Welch, commented that, "Seeing someone in chains and handcuffs, I assume he's guilty." On the state's motion, the trial court removed her from the venire for cause. Trial counsel recalled neither the incident nor making any objections to Ms. Welch's comment. He conducted no further examination of the venire concerning the other members' perception of this remark. The hearing court found that no prejudice resulted from the comment.

Before his criminal trial Mr. Zeitvogel provided the public defender with the names of several witnesses who might provide testimony relevant to his defense. These potential witnesses, Andre Montgomery, Steve Wright, Tim Rose, John Czajka, Frank Guinen, and Duane Isaac, were inmates of the prison in which the murder took place. At the Rule 27.26 hearing, appellant's trial counsel testified that the investigator from the public defender's office interviewed Montgomery, Wright, Rose, Czajka and Guinen. He also testified that he had no recollection that the appellant mentioned Duane Isaac as a possible witness.

Trial counsel indicated that he decided not to call witness Czajka because Czajka's testimony would have established a method by which the appellant could have killed the victim. He testified to having no independent recollection of his specific reasons for

failing to call the other individual witnesses. Based on the investigator's notes on the witnesses, however, he assumed that he chose not to call them because their testimony would have been inconsistent with the theory of self-defense. They related a history of arguments between Mr. Zeitvogel and the victim, providing a motive for the killing. The hearing court found that the decision not to call those witnesses was a sound exercise of trial strategy.

In the penalty phase of the trial, trial counsel presented no evidence. He testified that he reviewed the statutory mitigating circumstances and determined that none of them applied to the instant case. His interviews with the appellant alerted him to no mental abnormalities; therefore, he conducted no further investigation into the appellant's psychiatric history. Mr. Zeitvogel provided his trial counsel with no information concerning his family or his background. Initially, Mr. Zeitvogel planned to testify in the penalty phase of the trial but during the proceedings he changed his mind and did not testify.

The appellant's mother, Mrs. Marie Buttry, testified at the Rule 27.26 hearing. She stated that she had not been contacted about the trial but that if she had been she would have been willing to testify. She described Mr. Zeitvogel's rebellious childhood. Her testimony also revealed that the appellant suffered from borderline brain damage, a learning disability, and epilepsy. An examination conducted for the purpose of the Rule 27.26 hearing established that the appellant's epileptic condition would have no effect on his criminal conduct.

During the penalty phase of the trial, the prosecution presented evidence of Mr. Zeitvogel's previous convictions. Those convictions include, armed robbery, rape, a previous murder of another prison inmate, and an assault on a prison guard. *See State v. Zeitvogel, supra,* 707 S.W.2d at 369–70; *State v. Zeitvogel,* 655 S.W.2d 678 (Mo. App.1983) (capital murder); and *State v. Zeitvogel,* 649 S.W.2d 945 (Mo.App.1983) (first degree assault). The jury found that the evidence established three of the statu-

tory aggravating circumstances: that the appellant had a history of assaultive convictions; that the murder occurred while he was in legal custody in a place of confinement; and that he had previously been convicted of murder.

The hearing court determined that the appellant failed to show any facts that would have provided sufficient mitigating circumstances in phase I or phase II of the criminal trial. The court then concluded that counsel competently represented the appellant during his criminal trial, and that the appellant suffered no prejudice to his cause. Consequently, the court denied the Rule 27.26 motion.

■ Appellate review of decisions denying post-conviction relief is limited to determining whether the hearing court's findings, conclusions and judgments are clearly erroneous. *Brown v. State,* 729 S.W.2d 54, 55 (Mo.App.1987). The hearing court's findings, conclusions and judgments are clearly erroneous only if, based on the entire record presented, the appellate court is left with the definite and firm conviction that a mistake has been made. *Id.*

■ The hearing court concluded that the appellant failed to establish that he was entitled to relief for having been denied effective assistance of counsel. To find that this conclusion is clearly erroneous we must apply the two part test provided in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that test we must not only find that counsel's performance was deficient, but also that the deficiency prejudiced the defendant's case to the extent that it undermined confidence in the results of the trial. *Id.* at 687, 104 S.Ct. at 2064.

■ The appellant's initial allegation of ineffective assistance of counsel concerns trial counsel's failure to voir dire the jury about Ms. Welch's remark, "Seeing someone in chains and handcuffs, I assume he's guilty." Although such a remark might carry with it the possibility of prejudice because it tends to undermine the presumption of innocence to which every accused is entitled, the remark is essentially an inane and illogical statement and clearly recognizable as such by ordinarily reasonable members of the venire. Assuming, nevertheless that, despite the fact that Ms. Welch was excused, her remark may have led some of the remaining jurors to a similar presumption of guilt, we examine appellant's point.

The possible prejudice occasioned by this remark could easily have been removed by asking whether any of the other jurors shared Ms. Welch's feelings and removing any who did. Because of the ease with which counsel could have dissipated any possible harm from her remark, his performance at that stage of the trial was deficient.

■ To show that counsel's performance in this regard was constitutionally ineffective, however, the appellant must show that the result would have been different if counsel had taken appropriate action. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. A review of Missouri appellate opinions in which the courts have considered similar remarks by jurors (some more egregious than the remark in the present case) reveals no case in which the conviction was reversed. The courts have found that those remarks did not prejudice the jury to the extent that the defendant was denied a fair trial. *See e.g. State v. Taylor,* 324 S.W.2d 643 (Mo.1959) (juror stated during voir dire that she was ready to give the defendant the maximum sentence); *State v. Bushman,* 642 S.W.2d 117 (Mo.App. 1982) (two jurors stated that the defendant's failure to testify would indicate guilt); *State v. Weidlich,* 269 S.W.2d 69 (Mo.1954) ("I don't think I could give a thief a fair trial.").

In *State v. Johnson,* 637 S.W.2d 290 (Mo. App.1982), the defendant claimed that counsel's failure to object to the inclusion of particular jurors on the panel was ineffective assistance. Four of the jurors who convicted the defendant had also served on the jury that convicted the defendant's accomplice. Because nothing in the record showed that the defendant had suffered any prejudice from counsel's failure to object, no reversal was required.

■ In *Johnson*, the challenged jurors served on the jury that convicted the defendant. In the present case Ms. Welch, the author of the offending comment, was removed from the jury. The opportunity for prejudice appears to have been much greater in *Johnson* than in the instant case. Because the appellant has failed to show any prejudice resulting from counsel's failure to examine the jurors, we conclude that the hearing court's finding on this issue was not clearly erroneous. *See also Smith v. State,* 684 S.W.2d 520 (Mo. App.1984) (movant in a Rule 27.26 hearing must show that competent counsel would have obtained a different result).

■ The appellant also alleges that counsel's performance was deficient because he failed to interview or subpoena particular witnesses. The hearing court found that trial counsel extensively interviewed Andre Montgomery, Steven Wright, Tim Rose, John Czajka, Frank Guinen, and Duane Isaac, each of the witnesses suggested by the appellant. The record reveals, however, that the interviews of all but Isaac were conducted by the investigator for the public. defender's office. Counsel testified that he was not told about Duane Isaac, nor did he interview him. To this extent the hearing court's findings were erroneous.

That does not mean, however, that counsel was ineffective because of his failure to call those witnesses. The investigator's report revealed that the testimony of the witnesses would concern ill will between Zeitvogel and the victim. We find no lack of due care shown by counsel's reliance on information provided by his investigator. Although counsel expressed independent recollection of his specific reasons for excluding only one witness (Czajka), the information in the investigator's report on the other witnesses indicated that their testimony would have been inconsistent with counsel's trial strategy of self-defense. This supports the presumption that counsel's failure to call witnesses was an exercise of trial strategy. *See Strickland, supra,* and *Sanders v. State,* 738 S.W.2d 856, 858 (Mo.1987) (en banc).

Because counsel testified that his notes did not indicate any conversation with the appellant regarding Duane Isaac and since he did not recall Isaac's name being mentioned, we cannot conclude that his failure to call Isaac was a result of trial strategy. In its findings of fact the hearing court found that the appellant had provided counsel with the name of Duane Isaac. Nothing in the record supports this conclusion. The only hearing evidence concerning Isaac was the testimony mentioned above. Consequently, we conclude that counsel's performance was not deficient for failing to contact or subpoena a witness of whom he had no knowledge.

■ Even if we assume that counsel's failure to call Isaac was the result of neglect, that would not require reversal of the hearing court's decision. The appellant failed to establish what, if any, evidence Isaac would have provided. When a movant in a Rule 27.26 hearing claims ineffective assistance of counsel, he has the burden to establish both that counsel was ineffective and that he was prejudiced by that ineffectiveness. *See Sanders, supra,* 738 S.W.2d at 860–61. *Smith v. State,* 684 S.W.2d 520, 523 (Mo.App.1984). Without evidence that Isaac's testimony would have helped the appellant, he cannot meet that burden.

Finally, Mr. Zeitvogel alleges that trial counsel's failure to present mitigating evidence during the penalty phase of the trial was ineffective assistance of counsel. Counsel's review of the statutory mitigating factors convinced him that none of them applied to the instant case. In contrast, the appellant cites the United States Supreme Court decision in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), which requires consideration of any relevant mitigating factors in a death penalty hearing. Therefore, the appellant argues that trial counsel's failure to interview Mr. Zeitvogel's parents or to investigate his psychiatric background rendered counsel's performance ineffective. The hearing court found, however, that counsel's failure to introduce the evidence later

presented at the motion hearing did not prejudice the appellant.

 Mr. Zeitvogel's mother, Marie Buttry, testified at the Rule 27.26 hearing that the appellant's childhood was marked by rebellious and anti-social behavior. She also related that her son suffered from borderline brain damage, learning disabilities, and epilepsy. The record also revealed, however, that Mr. Zeitvogel mentioned none of those problems to his trial counsel, nor did he mention his mother as a possible witness. When a client fails to provide counsel with the names of possible witnesses, counsel is not ineffective for failing to interview these witnesses. *See Stokes v. State*, 688 S.W.2d 19 (Mo.App. 1985) (where defendant chose not to testify in the penalty phase and suggested no witnesses, he was not denied effective assistance of counsel). We conclude that counsel was not ineffective in this regard.

Even if counsel did have a duty to investigate mitigating factors not disclosed to him by his client, no prejudice resulted in this case from his failure to do so. The only evidence disclosed at the motion hearing was that the appellant exhibited rebellious and anti-social behavior in his childhood and that he suffered from epilepsy, learning disabilities, and borderline brain damage. Rebellious and anti-social behavior cannot be considered factors relevant to *mitigation* of punishment. *See Laws v. State*, 708 S.W.2d 182 (Mo.App. 1986) (failure to present evidence of defendant's anti-social personality in the penalty phase did not prejudice defendant).

The mitigating value of the evidence concerning his brain damage, learning disabilities, and epilepsy is speculative at best. Evidence presented at the hearing indicated that his epilepsy could have no effect on his criminal behavior. No evidence was presented at the hearing to explain how his learning disabilities or brain damage could have affected his criminal behavior. Consequently, the appellant has failed to establish how any of this evidence could have influenced the decision of the jury.

The record is clear, however, that the jury found three of the statutory aggravating factors to support their decision to impose the death penalty. Accordingly, we conclude that the result would not have been different if counsel had introduced the proposed mitigating evidence at trial. *See Bolder v. State*, 712 S.W.2d 692, 695 (Mo. App.1986) (no prejudice from failure to present evidence of low intelligence and the defendant's youth where the jury found aggravating circumstance that murder occurred while defendant was lawfully confined in prison); *Stokes v. State*, 688 S.W. 2d 19 (Mo.App.1985) (failure to call family members in the penalty phase resulted in no prejudice).

For the above reasons, we conclude that the judgment of the hearing court was not clearly erroneous. Therefore, we affirm that court's decision denying the appellant's Rule 27.26 motion for post-conviction relief.

All concur.

