STATE of Missouri, Respondent,

v.

Warren G. HOOKS, Appellant.

Warren G. HOOKS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 41486, 41829.

Missouri Court of Appeals,
Western District.

March 13, 1990.

Kimberly D. Tyler, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Warren G. Hooks, in a consolidated appeal, challenges his conviction of receiving stolen property, for which he was sentenced as a prior and persistent offender to seven years' imprisonment and the denial of his Rule 29.15 motion alleging ineffective assistance of counsel.

The evidence adduced at trial and viewed in the light most favorable to the state is as follows: On October 1, 1987, Officer McFarland of the Columbia Police Department was contacted by Simmons Moving

and Storage regarding a burglary from their warehouse. Around 2–3 weeks prior to October 1, 1987, Hooks' wife, Mary, discussed with a Ruth Phillips, her desire to purchase a sofa. Hooks then purchased a sofa from Phillips' husband, Randy, for $75.00. Also, sometime prior to October 1, 1987, Officer McFarland had received information that Hooks was in possession of a stolen sofa.

Officer McFarland then went to Hooks' residence and inspected the sofa Hooks had at his residence. McFarland noted that the sofa contained a tag, identifying its brand name of "Loebelin Creations," sewn on the front. He further noted that there was plastic still stapled to the legs of the sofa.

When questioned by McFarland as to the source of the sofa, Hooks said he had purchased the sofa for $75.00 from a man named Randy and he estimated the value of the sofa to be between three and four hundred dollars. Hooks also told McFarland that he thought the sofa could have been stolen, but because of the price he could not let that aspect keep him from buying the sofa.

On October 6, 1987, McFarland was investigating the beforementioned burglary at Simmons Moving and Storage. While there he overheard a Mr. Hull, the interior designer who had stored the sofa at Simmons, describing the missing sofa. After discussing the description with Mr. Hull, the two proceeded to the Hooks' residence to look at the sofa. The men were allowed in by Mrs. Hooks. Mr. Hull identified the sofa as being the one stolen.

On October 7, 1987, Officer McFarland obtained a warrant to seize the sofa. When the sofa was seized, McFarland noticed that the Loebelin tag was no longer underneath the cushions.

By agreement with Officer McFarland, Hooks turned himself in to the Columbia Police Department shortly after an arrest warrant issued.

■ Hooks presents three points on appeal. He first argues that the trial court erred by refusing to allow him to present expert testimony of Jerleen Ricker because he claims that her testimony was relevant to establish how someone who had been in the furniture business would value the sofa.

At trial evidence was presented by the prosecutor from Mr. Hull who testified that Loebelin Brothers had custom made the sofa for a family in Columbia and that he had negotiated a price of one thousand three hundred fifty dollars with the family. Mr. Hull stated that his cost for the sofa was between seven hundred fifty and eight hundred dollars. He further testified that the sofa could be distinguished from a less expensive one because of its custom frame and tailoring and that the value of this furniture would not be appreciated by persons with little exposure to this type of quality furniture.

Hooks claims the proffered testimony of Ricker would have been that as a used furniture dealer, she would have paid between sixty five and one hundred dollars for the sofa. Hooks alleges, therefore, that the testimony would have been relevant because it would logically tend to prove that he did not know that the amount he gave was far below the sofa's reasonable value.

Hooks attempted to call his witness after the state rested. The prosecutor objected and informed the court that the witness was not endorsed and that he had received verbal notification the day before trial that Hooks intended to call the witness to testify. Following a hearing, the court overruled Hooks' request for two reasons: (1) because Hooks failed to endorse the witness prior to trial and (2) the testimony was not relevant.

■ Beginning with the relevancy issue, this court will only review for an abuse of discretion which results in fundamental unfairness. *State v. Bolen*, 731 S.W.2d 453, 460 (Mo.App.1987). The question of admissibility of expert testimony in a given situation is left to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion. *State v. Marks*, 721 S.W.2d 51, 55 (Mo.App.1986).

The essential test of the admissibility of expert testimony is whether such testimony will be helpful to the jury. *Marks*, 721 S.W.2d at 55. Further, an expert may not testify as to matters not observed by him. *State v. Johnson*, 504 S.W.2d 334, 336 (Mo.App.1973).

In the present case, the testimony would have been from a witness who owned a used furniture store and who had never examined the sofa, but was shown a photo of the sofa. It cannot be said that the testimony would have helped the jury or been relevant in any way that Hooks claims. Rather, according to the evidence, the sofa was in new condition. The witness' testimony would only divert the jury's attention from the real issue of whether Hooks knew he had paid far below the reasonable value for a new sofa.

Furthermore, the trial court did not abuse its discretion in denying Hooks' request on the additional ground that the witness was not endorsed before trial. The trial court has broad discretion in determining the applicable sanctions under this circumstance. *State v. Lupo*, 676 S.W.2d 30, 33 (Mo.App.1984). Hooks did not disclose his witness until the day before trial and made no attempt to justify to the court why the witness was not previously disclosed. No abuse of discretion being found, point one is denied.

In point two, Hooks argues that the trial court erred in denying his motion for judgment of acquittal at the close of the evidence and motion for new trial because the state failed to prove that he retained possession of property of another knowing or believing it had been stolen.

Hooks' own testimony refutes his allegation. Hooks admitted to the police that he believed he had paid far below the reasonable value in that he believed the reasonable value to be between three and four hundred dollars yet he paid only seventy five dollars for the sofa. He also admitted that he thought the sofa may have been stolen, but he could not let that keep him from buying it due to the low price. The state also presented evidence that the name brand tag had been removed from the sofa.

In *State v. Wells*, 752 S.W.2d 396, 399 (Mo.App.1988), the court held that a defendant's admission that he paid far below reasonable value was sufficient to sustain a finding that the defendant knew the property was stolen.

The state did prove that Hooks had knowledge or belief the sofa was stolen. The trial court committed no error in denying the motions for judgment of acquittal and for new trial.

In his third and final point, Hooks claims that the motion court erred in denying his Rule 29.15 motion alleging ineffective assistance of counsel. In the motion Hooks alleged that his counsel was ineffective for failing to disclose an expert witness prior to the start of trial.

Preliminarily, it is noted that to establish ineffective assistance of counsel it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). There exists a strong presumption that the attorney's conduct was proper. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

Review by this court is limited to a determination of whether the motion court's findings, conclusions and judgments are clearly erroneous. *Zeitvogel v. State*, 760 S.W.2d 466, 470 (Mo.App.1988).

In Point one Hooks attacked the failure to allow his expert to testify. As decided therein the trial court correctly excluded said testimony. It is unnecessary to engage in a detailed discussion regarding this issue as it can hardly be held that counsel was ineffective for failing to endorse a witness whose testimony was properly found to be irrelevant. Point three is denied.

For the reasons stated, Hooks' conviction is affirmed as is the denial of his Rule 29.15 motion for post-conviction relief.

All concur.