## LETT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1926.)

No. 7374.

1. **Indictment and information** ⟷121(2).

Defendant, charged with sale of morphine, *held* entitled to bill of particulars stating place of sale.

2. **Witnesses** ⟷345(4).

Arrest, not followed by conviction, cannot be shown to impeach the credibility of a witness.

3. **Criminal law** ⟷507(4).

A witness who, acting as agent for the government, purchased morphine from defendant, was not an accomplice.

4. **Jury** ⟷95—Retention on jury of jurors who just sat on trial of defendant's wife, who was convicted, held prejudicial error.

Retaining on the jury, over defendant's objection, jurors who had just sat on the trial of defendant's wife on a similar charge, who was convicted, and was also claimed to have participated in defendant's offense, *held* prejudicial error.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Criminal prosecution by the United States against William Lett. Judgment of conviction, and defendant brings error. Reversed and remanded.

John T. Harley, of Tulsa, Okl. (Rollie C. Clark, of Vinita, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., and W. L. Coffey, Asst. U. S. Atty., both of Tulsa, Okl.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. November 26, 1925, an indictment was returned in the District Court of the United States within and for the Northern district of Oklahoma, against plaintiff in error. This indictment was in two counts; the first charging that on or about the 22d day of May, 1925, in Nowata county, the plaintiff in error was unlawfully in possession of six grains of morphine, the same being a salt, derivative, and preparation of opium and coco leaves. The second count charged that on the same date, in Nowata county, Okl., and within the jurisdiction of the court, plaintiff in error unlawfully sold to one C. T. Smithie six grains of morphine. To this indictment, on November 25th following, plaintiff in error filed demurrer, and on the same date filed a motion for a bill of particulars. The demurrer was never acted upon, and consequently no question concerning it is preserved for review.

[1] The circumstances attending the filing and denial of the motion for a bill of particulars are identical with those detailed in the opinion in cause No. 7371, Zola Lett v. United States, 15 F.(2d) 686, decided at this term, and what was said in that case concerning the bill of particulars is applicable here, with perhaps one exception. Plaintiff in error requested a particular statement as to the place in Nowata county at which the offense was charged to have been committed. It appears from the testimony that the purchase was made, and the drug delivered, at

the house of plaintiff in error in Nowata; this specific information should have been stated in the indictment, and, if not so stated, should have been supplied by the bill of particulars requested.

[2] Plaintiff in error complains that the court erred in limiting the cross-examination of the witness C. T. Smithie, by which the defendant sought to show that Smithie was a fugitive from justice. The court permitted the witness to answer the direct question upon this point; that answer was in the negative. Counsel then inquired whether the witness had not been arrested for a violation of the Harrison Anti-Narcotic Act (Comp. St. § 6287g–6287q) in the Eastern district of Oklahoma. The court ruled the question to be an improper one. Arrest, not followed by conviction, cannot be urged to impeach the credibility of a witness. We perceive no error in the court's ruling in this respect.

[3] The next error assigned is that the court erred in refusing to instruct the jury that the witness Smithie was an accomplice, and to instruct further as to the weight of the testimony of an accomplice. The answer to this assignment is that Smithie was not an accomplice in a legal sense. He made the purchase upon which the charge in the indictment is founded, but he did so as a temporary agent of the government, assisting in the detection of crime. His status is therefore different from that of a purchaser who himself participates in the offense charged.

[4] Finally it is urged that the court erred "in overruling the defendant's motion to be permitted to exercise additional peremptory challenges, in order to excuse jurors who had sat, on the same day, upon the trial of the case of Zola Lett (No. 7371 in this court, 15 F.[2d] 686), who is the wife of this defendant, in whose case this defendant was referred to, and who, in the testimony herein, also participated in the offense herein charged." After plaintiff in error had exercised his 10 peremptory challenges, the following colloquy took place:

"The Court: Does the defendant desire any further challenges?

"Mr. Harley: Yes, sir.

"The Court: How many have you exercised?

"Mr. Harley: Ten. As I have stated to the court, there are some of the jurors who heard the trial of the case this morning.

"The Court: There has not been anything said about that. It is not a material matter in this case. Do you want to go into that here in the presence of the jury?

"Mr. Harley: Yes, sir.

"The Court: What is your request? Briefly state it.

"Mr. Harley: That the defendant be permitted to exercise additional peremptory challenges, and thereby excuse the jurors Sanders, Russell, Putman, Kidd, Huggins, Hostetter, Gates, and Mr. Ennis, who, the defendant understands, were upon the jury which tried the case against his wife in this court this morning.

"The Court: The request will be denied.

"Mr. Harley: Exception."

It appears without contradiction that the eight jurors named sat upon the jury which heard the case of Zola Lett, the wife of plaintiff in error, against whom, on that same day, a verdict of guilty was returned. In the trial of the case at bar several witnesses testified that Zola Lett participated in the sale which forms the subject of the second count of this prosecution. The guilt of this woman and the intimate relationship existing between husband and wife were fresh in the minds of the jurors. It is true that the application for further challenges was informal. Plaintiff in error was entitled to no more peremptory challenges, but those directed at the eight jurors named should have been, more properly, for cause. However, the situation was made clear to the court, and the exception preserved should be considered upon its intrinsic merits.

While we do not think the course of justice in all cases should be delayed because of the unavoidable presence in court of jurors during the trial of cases thus related, unless the prejudice claimed is sufficiently apparent, nevertheless, under the circumstances here existing, we cannot feel that the retention of these eight jurors, who had just previously sat upon the case of the wife, and had returned a verdict of guilty therein, was consistent with the requirements of a fair and impartial trial before an open-minded and unprejudiced jury. Especially is this true where, under the testimony, both husband and wife are said to have participated in the offense under consideration. The presumption of prejudice is too great to be ignored. We think the challenge to these eight jurors should have been entertained. This consideration makes it necessary that the judgment below should be reversed, and the case remanded for a new trial.

It is so ordered.

BOOTH, Circuit Judge, concurs in the result.