### GOVERNMENT OF THE VIRGIN ISLANDS

#### v.

### ROY SYLVESTER PARROTT, Roy Sylvester Parrott, Appellant

## No. 76-1688

United States Court of Appeals

Third Circuit

Argued December 9, 1976

Filed March 10, 1977

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DE JONGH & FARRELLY), St. Thomas, V.I., *for appellant*

ISHMAEL A. MEYERS, ESQ., Assistant U.S. Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, GIBBONS and HUNTER, *Circuit Judges*

SEITZ, *Chief Judge*

Defendant Roy Sylvester Parrott appeals his convictions of first-degree murder and of possession of an unlicensed firearm. 14 V.I.C. §§ 922 (a) (1), 2253.

According to the evidence produced by the Government, defendant and decedent Webb met on January 7, 1976, at a basketball court in New Tutu, St. Thomas, to discuss a sale of drugs. After they had agreed to a price, defendant told Webb that he would be gone for a minute. Soon he came back with a paper bag, and asked Webb if he wanted to smoke some of the marijuana cigarettes he had in the bag. Webb said he would. Defendant then pulled a gun out of the bag and told Webb to hand over his wallet. Webb replied that he couldn't because it contained his driver's license and registration. He started to run away and defendant shot him.

Defendant was convicted after trial by jury, and was sentenced to life imprisonment on the murder charge and five years for possession of an unlicensed firearm, these sentences to be served concurrently. While he raises several allegations of error, only one of these merits discussion —that he was denied his right to a fair trial because three petit jurors had, unknown to him, been on the jury in another recent case where he was convicted of possession of an unlicensed firearm.[1] The Government does not deny that there was overlap, but says that reversal is not warranted because defendant waived the right he asserts.

---

[1] We find meritless defendant's other contentions, to-wit, that the court erred in (1) refusing to allow him to show that a principal prosecution witness was incompetent to testify, (2) refusing to give the absent witness instruction which he had requested, and giving an instruction at variance with the one requested, (3) delivering, on its own motion, excessive admonitions on the dangers of perjury, and participating in the trial in an excessive and prejudicial manner, (4) refusing to instruct the jury and submit a verdict on the lesser included offense of voluntary manslaughter, (5) admitting into evidence the pre-trial statement of Robert Blackett, (6) applying the rules of evidence in an arbitrary and capricious manner.

We conclude that, absent waiver, it violates the Sixth Amendment guarantee of an impartial jury to use a juror who sat in a previous case in which the same defendant was convicted of a similar offense, at least if the cases are proximate in time. See generally Mottram v. Murch, 458 F.2d 626 (1st Cir.), rev'd on other grounds, 409 U.S. 41 (1972) (where the court relied on due process); Leonard v. United States, 378 U.S. 544 (1964). A juror who has made up his mind that a defendant has committed an offense cannot be depended on to be sufficiently open-minded in another case involving similar charges when the trials are held near in time. In defendant's case the verdict on the earlier charge antedated the later verdict by only 22 days. Moreover, the charges are similar. This is clearly true with respect to the count of possession of an unlicensed firearm, which was the very offense of which Parrott was earlier convicted. It is also true with respect to the murder charge since juror who has concluded that a person was guilty of possession of an unlicensed firearm may well be predisposed to believe that he will commit illicit violence.[2]

Since the defendant had a constitutional right not to be tried before jurors who had sat on the previous panel, we come to the Government's contention that he may be said to have waived this right. This issue was never argued to the district court during proceedings of record. The Government, in contending that there was waiver, relies first on an affidavit from a Courtroom Deputy Clerk in the District of the Virgin Islands. The affidavit, which was evidently prepared for this appeal, states, in part:

3. . . . in connection with my duties I was directed by Chief Judge Almeric L. Christian sometime prior to March 29, 1976, to ask Attorney Alexander A. Farrelly whether he had any objection to

---

[2] We need not set forth a comprehensive description of when trials are sufficiently proximate in time, or of what constitutes similarity of offenses. Nor need we discuss the proper disposition of cases where: a) the trials are not proximate in time b) the offenses are not similar c) the earlier trial resulted in acquittal.

having Mr. Roy Parrott, defendant in the above-captioned case, tried before the same jury panel from which his first jury was selected.

4. I was told by Attorney Farrelly that he had no objection.

5. During the trial at a discussion in chambers between Judge Christian and counsel for the Government and Appellant Parrott at which time I was present, Judge Christian advised Attorney Farrelly of the three jurors who had previously sat on Mr. Parrott's first trial. The judge then asked Mr. Farrelly again whether he objected and Mr. Farrelly said no.

The Government also points out that in its charge to the jury the district court said:

... this defendant is not on trial before you for any act or conduct not alleged in the information. This is particularly important in this particular case, because you were all in the panel on a previous day when this defendant was charged in another instance of possessing a weapon.

Defendant failed to raise any objection or request for a mistrial after the court had made this statement.

■■ We note in the first place that defendant's contention that he was denied the right to an impartial jury goes to a substantial right, and is thus cognizable under the plain error doctrine even though he failed to object to the quoted jury instruction. United States v. Gray, 468 F.2d 257, 261 (3d Cir. 1972). The affidavit, however, does not provide a sufficient basis on which to resolve the waiver issue. Defendant does not directly deny that the conversations described in the affidavit took place. But he does maintain that neither he nor his lawyer knew of the jury overlap. Thus, despite the affidavit, questions as to waiver remain which the district court should resolve in the first instance. First, there is a legal issue: whether the right in question is sufficiently fundamental[3] that there must be a "showing of conscious surrender of a known right," or whether a lesser

---

[3] We do not read Estelle v. Williams, infra, n.3, to indicate that there is any necessary congruence between rights which are substantial for purposes of the plain error doctrine and those which are fundamental for waiver purposes.

waiver standard is appropriate. Estelle v. Williams, 44 U.S.L.W. 4609 & n.3 (U.S. May 3, 1976). This issue comprises the question of how much direct role the defendant, as opposed to his lawyer, must have in waiving the right. Second, there is a question of fact: whether a legally permissible form of waiver actually took place.

In sum, questions remain which go to the validity of the conviction. The case will be remanded to the district court for determination of whether defendant can be charged with having waived his right to be tried by jurors who had not sat in the previous case. If no waiver is found the conviction shall be vacated and a new trial ordered; if the court concludes that there was waiver it shall enter an appropriate order. We need not decide whether the waiver determination should be made by the judge who presided at trial. See 28 U.S.C. § 455 as amended 1974 (1976 Supp.).