**Gerald Glenn JOHNSON, Appellee,**

v.

**Bill ARMONTROUT, Appellant.**

**No. 91-2599.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1992.

Decided April 10, 1992.

---

Ronald L. Jurgeson, Kansas City, Mo., argued, for appellant.

Kathleen A. Clark Hardee, Kansas City, Mo., argued, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

MAGILL, Circuit Judge.

The State of Missouri appeals the granting of a writ of habeas corpus to Gerald Glenn Johnson. The district court[1] granted habeas relief because Johnson was convicted by a jury that included four persons who had earlier convicted another man of taking part in the same robbery. Because we find that Johnson was deprived of his constitutional right to a trial before an impartial jury and was denied representation by effective counsel, we affirm.

### I.

Three men robbed at gunpoint the Branson Inn in Branson, Missouri, on February 16, 1980. Police arrested three men and charged them with the crime. Carl Denny went on trial first. A jury convicted him on October 8, 1980. When Johnson's venire was assembled on March 2, 1981, ten members of Denny's jury were included in Johnson's venire. Both the prosecutor and Johnson's attorney recognized this fact during voir dire questioning.

Johnson's attorney failed to request that these ten persons be stricken from the venire for cause. When Johnson protested to his attorney about the appearance of the recycled jurors, Johnson's attorney responded that only his six preemptory strikes could be used to dismiss the Denny jurors. Johnson's attorney, thereafter, used five preemptory strikes to remove the Denny jurors. All four remaining Denny jurors were empaneled on Johnson's jury.[2]

During voir dire questioning, the prosecutor asked the venire panel whether any of the jurors who had convicted Denny would be unable to decide Johnson's case because of the evidence presented at Denny's trial. No one responded. The prosecutor asked further whether the Denny

jurors on the venire would be able to put aside the evidence presented at the Denny trial and decide Johnson's guilt or innocence based "solely on what we hear today and against this defendant." Again, no one responded.

After trial, the jury convicted Johnson of first-degree robbery pursuant to Mo.Rev. Stat. § 569.020 (1986). Johnson was sentenced to thirty years in prison. On appeal, Johnson contended the trial court erred in not removing the Denny jurors for cause and for allowing the Denny jurors to sit on his jury. Johnson also claimed his counsel was ineffective for failing to challenge the Denny jurors for cause, and for failing to inform him of his right to challenge the jurors for cause. The Missouri Court of Appeals affirmed the conviction, concluding that evidence of Johnson's guilt was overwhelming and that the errors by the trial court did not result in a manifest injustice or miscarriage of justice. *State v. Johnson,* 637 S.W.2d 290, 292 (Mo.App. 1982). The appeals court also concluded that the record was devoid of evidence that any member of the jury panel was prejudiced against Johnson. *Id.* at 291.

Johnson later challenged his conviction in the Missouri state courts under Rule 27.26 of the Missouri Rules of Criminal Procedure.[3] Johnson alleged that the selection of the jury from a venire consisting of Denny jurors and the trial before a jury consisting of Denny jurors violated his constitutional right to an impartial jury. Johnson also alleged ineffective assistance of counsel because his trial attorney failed to assert for-cause challenges to the Denny jurors who remained on his venire. The circuit court held an evidentiary hearing on the motion on January 28, 1987.

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. The tenth Denny juror was among six members of the venire removed for cause. The rationale for these for-cause strikes was unrelated to the Denny trial.

3. Rule 27.26 was repealed effective January 1, 1988. However, if sentence was pronounced

prior to January 1, 1988, and a Rule 27.26 motion was pending at the time of repeal, Rule 27.26 continues to govern the motion. Mo. R.Crim.P. 29.15, *Missouri Rules of Court* (West 1990). Rule 27.26 authorizes a prisoner in custody to challenge his sentence on the grounds that it violated the Missouri or United States constitutions, or otherwise is subject to collateral attack. Mo.R.Crim.P. 27.26, *Missouri Rules of Court* (West 1986).

Shelba Braden, who sat on the Denny jury as well as the Johnson jury, testified that she heard evidence in the Denny trial that Johnson was at the Branson Inn with a weapon that had a scope affixed to it. Braden testified that she had no reason to disbelieve the witnesses in the Denny trial and that, based on the evidence presented at the Denny trial, she was firmly convinced that Johnson had robbed the Branson Inn. *Johnson v. State,* 757 S.W.2d 607, 609 (Mo.App.1988).

Dorothy Powell, who also sat on both juries, testified that the Denny trial convinced her that Johnson had participated in the robbery because "that's what all the evidence pointed to." *Id.* Donna David sat on the Denny jury and the Johnson venire, but was stricken from the Johnson jury with a preemptory challenge. David testified that Johnson was identified at the Denny trial as one of the robbers and that the Denny trial convinced her that Johnson was guilty of the robbery. *Id.* The two remaining Denny jurors who also served on the Johnson jury had little recollection of the trials. It also should be noted that Johnson was brought into the courtroom during the Denny trial handcuffed and under guard. *Johnson v. Armontrout,* No. 90–3426–CV–S–2, slip op. at 3 (W.D.Mo. June 18, 1991).

Despite this evidence, the circuit court relied on the statement by the Missouri Court of Appeals on Johnson's direct appeal that no evidence of juror bias was shown. The circuit court, therefore, rejected Johnson's claims, concluding that Johnson failed to prove prejudice. *Johnson,* 757 S.W.2d at 609.

The Missouri Court of Appeals affirmed, ruling that the ineffectiveness issue was decided on direct appeal and, therefore, could not be revisited in a Rule 27.26 motion. *Id.* at 610. The appeals court went further, however, and ruled that even if the

claim was properly presented, it would fail. The court concluded that since the evidence at the Denny and Johnson trials overlapped, the recycled jurors failed to learn anything different at the Denny trial. Johnson, therefore, was not prejudiced. *Id.* at 612.[4]

Johnson filed the present habeas petition on September 21, 1990. The petition alleged Johnson was deprived of a fair and impartial jury because four jurors who found Denny guilty also sat on Johnson's trial. The petition further alleged Johnson was denied effective assistance of counsel because his attorney did not attempt to strike the recycled jurors for cause, and failed to inform Johnson of his right to strike the recycled jurors for cause.

The district court granted the writ, concluding that bias of the recycled jurors deprived Johnson of his right to an impartial jury, and that counsel was ineffective in failing to strike the biased jurors. *Johnson v. Armontrout,* No. 90–3426–CV–S–2, slip op. at 7 (W.D.Mo. June 18, 1991).

## II.

### A. Right to an Impartial Jury

■ The Sixth Amendment guarantees the right to an impartial jury to all persons accused of crimes.[5] The Fourteenth Amendment extended this guarantee to defendants tried in state courts. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). While Johnson received a trial, his constitutional guarantee has not been granted if any member of the jury was biased. *Rogers v. McMullen,* 673 F.2d 1185, 1190 (11th Cir.1982), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 740, 74 L.Ed.2d 961 (1983); *United States v. Silverman,* 449 F.2d 1341, 1344 (2d Cir. 1971), *cert. denied,* 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); *Ford v. United*

---

**4.** Both the circuit court and the appeals court appeared to have analyzed Johnson's impartial jury claim implicitly as an underlying basis for the ineffective assistance of counsel claim. There is no question, however, that Johnson squarely presented this independent question to both the circuit and appeals courts.

**5.** The Sixth Amendment reads:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed.

U.S. Const. amend. VI.

*States,* 201 F.2d 300, 301 (5th Cir.1953); *Presley v. State,* 750 S.W.2d 602, 607 (Mo. App.) (en banc), *cert. denied,* 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988). While a federal court's oversight authority regarding non-constitutional state trial court errors justifiably is limited, this court is obligated to correct an error by even a state's highest court "insofar as it deals with the application of the United States Constitution or laws to the facts in question." *Sumner v. Mata,* 449 U.S. 539, 543–44, 101 S.Ct. 764, 767, 66 L.Ed.2d 722 (1981); *see also Rogers,* 673 F.2d at 1189 (federal court must award habeas relief to state court prisoner who can demonstrate a member of his jury was biased or incompetent).

Our initial inquiry focuses on whether bias should be presumed when a juror convicts one defendant and then is empaneled on the jury hearing the case of a second defendant charged with the same crime, or whether the defendant in the second trial must prove actual bias. The Supreme Court has determined that the remedy for allegations of juror bias is a hearing at which the defendant has the opportunity to prove actual bias. *Smith v. Phillips,* 455 U.S. 209, 215, 102 S.Ct. 940, 945, 71 L.Ed.2d 78 (1982). In *Phillips,* the Court refused to imply bias to a juror who applied for a job with the district attorney's office during the time he served on a criminal jury.

> Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. Such determinations may properly be made at a hearing like that ordered in *Remmer*[6] and held in this case.

*Id.* at 217, 102 S.Ct. at 946 (footnote added).

This court held in an early case that the mere presence of recycled jurors does not require reversal in every instance. In *Lett v. United States,* 15 F.2d 690 (8th Cir. 1926), a jury convicted Zola Lett of possession and sale of morphine. Later that afternoon, members of Zola's jury were included in the venire called for the trial of her husband on similar charges. Lett's attorney sought additional preemptory strikes[7] to remove eight jurors who had sat on Zola Lett's trial. The request was denied and Lett was convicted. The Eighth Circuit reversed the conviction, finding that the "presumption of prejudice is too great to be ignored." *Id.* at 691. Nevertheless, the court failed to articulate a per se rule implying bias to recycled jurors. "[W]e do not think the course of justice in all cases should be delayed because of the unavoidable presence in court of jurors during the trial of cases thus related, unless the prejudice claimed is sufficiently apparent." *Id.*

The Fourth Circuit, likewise, declined to adopt a per se rule of bias toward jurors who had sat on the jury of a person convicted of a crime and then were empaneled on the jury of a second defendant charged in the same crime. In *United States v. Malloy,* 758 F.2d 979, 981 (4th Cir.), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 465 (1985), a jury convicted William C. Webster of taking part in a bank robbery. Five weeks later, a jury convicted Malloy of taking part in the same robbery. *Id.* at 979. One person served on both juries. At voir dire during Malloy's trial, the juror remained silent when queried about bias or knowledge of the case. After exhausting his appeals, Malloy filed a habeas petition. *Id.* at 980. While announcing a rule that no juror should sit on the trials of two defendants charged with the same crime but tried separately, the Fourth Circuit upheld the conviction. *Id.* at 981. The court ruled that Malloy failed to prove in an evidentiary hearing that the presence of the recycled juror "worked to

---

6. In *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), someone attempted to bribe a juror. Instead of ordering a new trial, the Court instructed the trial judge to hold a hearing in which all parties could participate to determine the prejudicial effect of the attempted bribe.

7. The Eighth Circuit recognized that the request properly should have been made for for-cause strikes. *Lett,* 15 F.2d at 691.

his *actual* and substantial" prejudice. *Id.* at 982–83 (emphasis in original) (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982)).[8]

> The lesson of *Smith v. Phillips* and its progeny is that the participation of a juror whose impartiality is suspect for reasons not known to defense counsel at the time of voir dire does not *per se* require a new trial. Instead, the verdict may be set aside if a post-trial hearing demonstrates that the juror was actually biased.

*Malloy,* 758 F.2d at 982.

Several other circuits have concluded that the Constitution does not require a presumption of bias in situations where jurors have been potentially prejudiced. *Britz v. Thieret,* 940 F.2d 226, 232 (7th Cir.1991) (no per se bias when six jurors had heard news accounts reporting defendant's prior conviction for the same crime and all twelve jurors had admitted some familiarity with the case); *United States v. Pennell,* 737 F.2d 521, 534 (6th Cir.1984) (no per se bias when five jurors reported receiving threatening phone calls during the trial), *cert. denied,* 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); *United States v. Billups,* 692 F.2d 320, 325 (4th Cir.1982) (no per se bias when juror concealed information during voir dire about her son's affiliation with a labor union), *cert. denied,* 464 U.S. 820, 104 S.Ct. 84, 78 L.Ed.2d 93 (1983); *Rogers v. McMullen,* 673 F.2d 1185, 1190 (11th Cir.1982) (no per se bias when seventeen-year-old juror misstated her age during voir dire), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 740, 74 L.Ed.2d 961 (1983); *contra Government of Virgin Islands v. Parrott,* 551 F.2d 553, 554 (3d Cir.1977) (no showing of actual bias required when three jurors had been on a prior jury convicting the same defendant of a similar crime).

All of the above cases except *Parrott* concluded that the proper remedy for addressing a claim of juror bias is to conduct a hearing to determine whether any jurors were actually biased. *Britz,* 940 F.2d at 232; *Pennell,* 737 F.2d at 532; *Billups,* 692 F.2d at 325; *Rogers,* 673 F.2d at 1190.

■ We, therefore, hold that bias should not be presumed when members of a jury panel who had adjudged a criminal defendant sit on the jury of a second defendant charged with the same crime.[9] Nevertheless, due process requires that the defendant convicted by jurors who had heard the case of a codefendant be granted an opportunity to prove actual bias. Therefore, we must determine whether Johnson met his burden of proving that members of his jury were actually biased.

■ The State urges us to uphold the finding made by the Missouri Court of Appeals on direct appeal that nothing in the record indicates that members of the jury panel were biased against Johnson because of their service on the Denny jury. *Johnson,* 637 S.W.2d at 291. Federal courts must defer to state court factual findings when a determination has been made after a hearing on the merits of a factual issue. 28 U.S.C. § 2254(d) (1988). This deference applies even when the finding is made by a state appellate court. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). A factfinding, however, should not be presumed to be correct when "the material facts were not adequately developed at the State court hearing." 28 U.S.C. § 2254(d)(3) (1988).

The Missouri Court of Appeals made no attempt to elicit facts pertaining to the potential bias of jurors. It appears that the appellate court's finding was based

---

**8.** Alva Gossman, the juror in question, was 77 years old at the time of the evidentiary hearing and had suffered four strokes since Malloy's trial. She wrote that she recalled nothing about the two trials and the parties agreed that she was too ill to participate in the evidentiary hearing. *Malloy,* 758 F.2d at 980.

**9.** The State argues that implying bias to jurors who have sat on the separate trial of a co-defendant would establish a new rule of constitutional law and, therefore, would be barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Our finding that bias should not be presumed in such cases, but can be proven by the defendant, is based on established constitutional law.

solely on the fact that all venire members remained silent when the prosecutor asked them two questions about whether they could put aside the evidence presented at the Denny trial and judge Johnson exclusively on the evidence presented at his trial.

■ We cannot say that an ambiguous silence by a large group of venire persons to a general question about bias is sufficient to support a finding of fact in the circumstances of this case. The exceptional circumstances of this case warranted more aggressive questioning during voir dire. Due process requires the court to undertake sufficient voir dire questioning "to produce in light of the factual situation involved in the particular trial, some basis for a reasonably knowledgeable exercise of the right to challenge." *Britz v. Thieret*, 940 F.2d 226, 232 (7th Cir.1991) (quoting *United States v. Price*, 888 F.2d 1206, 1211 (7th Cir.1989)).

Had the Denny jurors expressed unequivocal responses to more detailed questioning on impartiality, the situation here may well be different. But when nine venire members (including four subsequent jurors) heard extensive evidence against the defendant in a prior case under circumstances in which he is presented to them in shackles and under guard, and in a situation in which he is unable to mount a defense to the charges, an ambiguous silence by venire persons to a generalized question of bias is not sufficient to demonstrate impartiality.

■ The circuit court, on the other hand, heard extensive evidence on the bias issue in ruling on Johnson's Rule 27.26 motion. That evidence showed unequivocally that at least two members of the Johnson jury and one member of the Johnson venire, all of whom had sat on the Denny jury, were convinced Johnson was guilty before his trial even started.[10] *Johnson*, 757 S.W.2d at 609. The defendant's right to an opportunity to prove actual bias is guaranteed by the Sixth and Fourteenth Amendments. *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982). Therefore, it is clear that Johnson's guaranteed right to an opportunity to prove actual bias was not granted until the circuit court's evidentiary hearing. That hearing revealed conclusively that at least three members of the venire and two members of the jury were actually biased against Johnson.

■ Finding that two members of Johnson's jury were actually biased against him, we have no difficulty concluding that Johnson's Sixth and Fourteenth Amendment rights were violated. The state argues that Johnson waived his challenge to the recycled jurors because he failed to object when they were seated. Even though the defendant failed to object to the seating of the jurors, our determination is not affected. When a defendant fails to object to the qualifications of a juror, he is without remedy only if he fails to prove actual bias. *Robinson v. Monsanto*, 758 F.2d 331, 335 (8th Cir.1985). If a defendant proves that jurors were actually biased, the conviction must be set aside. *Rogers*, 673 F.2d at 1189; *United States v. Crockett*, 514 F.2d 64, 69 (5th Cir.1975); *United States v. Silverman*, 449 F.2d 1341, 1344 (2d Cir.1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); *Ford v. United States*, 201 F.2d 300, 301 (5th Cir.1953).

### B. Ineffective Assistance of Counsel

■ Johnson asserts his counsel was ineffective for failing to request the removal of the Denny jurors for cause and for failing to inform him of his right to remove the Denny jurors for cause. Reviewing the effectiveness of counsel involves a two-part inquiry. First, the convicted defendant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would provide. Second, the defendant must show that the deficient performance of counsel

---

**10.** Two other jurors who sat on both trials testified in the evidentiary hearing but recalled little about the trials.

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir. 1984); *Forshee v. State*, 763 S.W.2d 352, 354 (Mo.App.1988). Johnson has met both elements.

First, Johnson's trial counsel made no attempt to remove the Denny jurors for cause even though he was prompted to do so by Johnson himself. Johnson's attorney failed to question any of the Denny jurors about bias, but instead relied on the jurors' silence to two general questions propounded by the prosecutor.

Missouri law provides that a biased juror may be removed for cause. Mo.Rev.Stat. § 546.150 (1986). The right to a jury free of biased persons is of constitutional magnitude. *Phillips*, 455 U.S. at 209, 102 S.Ct. at 941–42; *Rogers*, 673 F.2d at 1189. Counsel knew that nine members of the venire and four members of the jury had heard damaging testimony about his client at a prior trial. Counsel knew that his client was presented to the jury in the Denny trial in shackles and under guard. Counsel should have known that under Missouri law, no jury could be drawn from a venire panel consisting of unqualified members. Counsel also should have known that he could move to strike for cause the four jury members that had heard damaging testimony about his client in a prior trial. He not only failed to object or move for removal, he failed to question a single Denny juror about the impressions they gained from the Denny trial. Counsel was clearly deficient under these circumstances.

Absent the showing of a strategic decision, failure to request the removal of a biased juror can constitute ineffective assistance of counsel. *Harris v. Housewright*, 697 F.2d 202, 207–08 (8th Cir.1982); *State v. Reed*, 789 S.W.2d 140, 142 (Mo. App.1990); *Presley v. State*, 750 S.W.2d 602, 605 (Mo.App.) (en banc), *cert. denied*, 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988). The state, somewhat incredibly, asserts that trial counsel's failure to request the for-cause removal of the Denny jurors was a strategic decision. This argument is

belied by the fact that trial counsel told Johnson that he was unable to use for-cause strikes to remove the Denny jurors, and by the fact that trial counsel used five valuable preemptory strikes to remove the Denny jurors.

■ Second, it is clear that Johnson was prejudiced by the appearance of two biased persons on his jury. It affords the defendant no comfort to argue that the other ten jurors were not biased.

> A constitutional jury means twelve men as though that number had been specifically named; and it follows that, when reduced to eleven, it ceases to be such a jury quite as effectively as though the number had been reduced to a single person.

*Presley v. State*, 750 S.W.2d at 607 (quoting *Patton v. United States*, 281 U.S. 276, 292, 50 S.Ct. 253, 256, 74 L.Ed. 854 (1930)). The government, nevertheless, argues that seating of the biased jurors did not affect the outcome of the trial and, therefore, there was no showing of prejudice under *Strickland*. This is an assumption we cannot make. Trying a defendant before a biased jury is akin to providing him no trial at all. It constitutes a fundamental defect in the trial mechanism itself. As the district court noted:

> A defendant charged with a crime is entitled to an unbiased jury and is entitled to a presumption of innocence until such time as he is proven guilty beyond a reasonable doubt. Where you have jurors who before they have heard any evidence are convinced that the defendant is guilty [they are] clearly biased against the defendant. [This] denies the defendant the presumption of innocence and denies him a fair trial. Are only the innocent entitled to an unbiased jury or does the right of due process also entitle the guilty to an impartial trial? This court is of the opinion that both the innocent and the guilty are entitled to start a trial without any member of the jury convinced of the defendant's guilt.

*Johnson v. Armontrout*, No. 90–3426–CV–S–2, slip op. at 7 (W.D.Mo. June 18, 1991). We agree that, in the absence of a strategic

motive, a defendant whose attorney fails to attempt to remove biased persons from a jury panel is prejudiced. Moreover, even without a showing of actual bias, prejudice may be implied in certain egregious situations. *Phillips*, 455 U.S. at 222, 102 S.Ct. at 948–49 (O'Connor, J., concurring). Since actual bias has been found in this case, we need not decide whether these facts support a finding of implied prejudice.

In a related argument, the state urges that the seating of the biased jurors constituted harmless error. An error may be harmless when it is merely a trial error. But "structural defects in the constitution of the trial mechanism ... defy analysis by 'harmless error' standards." *Arizona v. Fulminante,* —— U.S. ——, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302 (1991). The presence of a biased jury is no less a fundamental structural defect than the presence of a biased judge. *Id.* We find this claim outside the gamut of harmless error analysis.

### III.

The defendant was tried before two jurors who admittedly were biased against him. This constitutes a clear deprivation of his rights under the Sixth and Fourteenth Amendments to be tried by an impartial jury. Counsel's failure to attempt to bar the seating of obviously biased jurors constituted ineffectiveness of counsel of a fundamental degree. We, therefore, affirm the district court's grant of habeas relief on the condition that the state may retry Johnson within 180 days.