986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Guy Hansell STARNES, Petitioner-Appellant,
v.
Dareld L. KERBY, Warden, Respondent-Appellee.
 No. 92-2032.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 1
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEWIS T. BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner-appellant Guy Hansell Starnes appeals the district court's denial of his petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. Starnes raises a double jeopardy challenge to his convictions for aggravated burglary, kidnapping, and criminal sexual penetration. Starnes also argues that he was denied the right to a fair and impartial jury or the right to effective assistance of counsel when a juror with personal knowledge of Starnes' case was allowed to remain on the jury. We exercise jurisdiction under 28 U.S.C. § 2253 and affirm.
 
 
 6
 Starnes was convicted of three counts of criminal sexual penetration in the second degree (CSP II), one count of kidnapping, one count of aggravated burglary, and one count of misdemeanor criminal sexual contact as a lesser included offense. The three counts of CSP II were merged for sentencing purposes. He received a sentence of 364 days on the criminal sexual contact offense, 20 years for the combined CSP II counts, 20 years for the kidnapping count, and 20 years for the aggravated burglary count, with all sentences ordered to run consecutively. On direct appeal, the New Mexico Court of Appeals affirmed his convictions. State v. Starnes, No. 9918 (N.M.Ct.App. May 21, 1987). The New Mexico Supreme Court denied his petition for certiorari.
 
 
 7
 Starnes then filed a pro se habeas corpus petition in the state district court. He argued that (1) he was denied an impartial jury, (2) his punishment violated double jeopardy, (3) the jury was given an erroneous instruction, (4) he was denied his right to compulsory process, (5) his parole sentence violated due process, and (6) he was denied effective assistance of counsel. The court agreed that his parole sentence was inappropriate under New Mexico law, but denied all of the other claims on the grounds that he failed to raise these claims on direct appeal. Starnes v. Kerby, No. CR-86-58-S (N.M. Apr. 30, 1990). Starnes filed a petition for writ of certiorari to the New Mexico Supreme Court, claiming that the five issues he raised for the first time in his habeas petition could not have been raised on direct appeal because he had ineffective assistance of counsel in docketing the appeal. The New Mexico Supreme Court denied certiorari.
 
 
 8
 Next, Starnes filed a petition for writ of habeas corpus in federal district court, raising the same five issues which were denied in his state habeas petition. In his brief, however, Starnes did not pursue his claims challenging the jury instructions or his right to compulsory process. As to the remaining claims, the magistrate recommended that (1) procedural default did not bar federal habeas review of the double jeopardy claim because the state court's decision to dismiss the claim was not based on an adequate state ground, but the double jeopardy claim lacked merit; (2) procedural default did not preclude federal habeas review of the ineffective assistance of counsel claim because the state's application of its procedural bar did not rest on an adequate state ground, but the claim failed on the merits; and (3) the federal district court was precluded from reviewing the merits of the impartial jury claim because the state court's finding of procedural bar constituted an adequate and independent state ground, and, alternatively, the claim lacked merit. The district court adopted the magistrate's recommendations.
 
 I. Double Jeopardy Claims
 
 9
 Starnes was charged with three counts of CSP II, aggravated burglary, and kidnapping, as well as several other offenses, for breaking into a woman's home on January 24, 1986, in Carlsbad, New Mexico, and forcing her to, among other things, perform three separate acts of fellatio. Starnes does not dispute the following findings of the magistrate regarding the facts relevant to the double jeopardy claim:
 
 
 10
 The victim testified that a man wearing a ski mask jumped her in her bedroom. The victim stated that the man pushed her face down onto the bed and threatened to gag her. The man blindfolded the victim and tied her hands and feet....
 
 
 11
 ....
 
 
 12
 The victim then testified that the man untied her feet and led her to another bedroom where he tied her to the clothes rod in the closet. The man had the victim put on a bikini and pair of high-heeled shoes. The victim stated that the man wanted her to dance, but she had no radio or stereo. The man led the victim back to her bedroom where he pushed the victim into certain positions on the bed. The man then lit a marijuana cigarette and told the victim to puff on it.
 
 
 13
 The victim further testified that the man asked her how she wanted to have intercourse. The victim told the man she was using a tampon. The man touched the victim's vagina to check for the tampon. The victim stated that the man then went to a chair where he forced her to perform fellatio. The man later moved to the bed where he again had the victim perform fellatio and then moved back to the chair where he once more forced the victim to perform fellatio.
 
 
 14
 The man next told the victim to lie face down on the bed where he tied her feet and hands again. The man told the victim not to get up and call the police. The victim testified that she heard the man leave the apartment. Some time later, the victim got up and went to her boss' house, where they called the police.
 
 
 15
 R. doc. 31 at 2-3.
 
 
 16
 Starnes claims that his convictions and consecutive sentences for (1) CSP II and kidnapping, and (2) CSP II and aggravated burglary violate the double jeopardy clause of the Fifth Amendment. The Fifth Amendment protects against imposing multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). "A federal court in a habeas corpus proceeding should defer to a state court's interpretation of a state statute as to whether a number of acts constitute only one criminal offense or separate offenses for double jeopardy purposes." Brecheisen v. Mondragon, 833 F.2d 238, 240 (10th Cir.1987), cert. denied, 485 U.S. 1011 (1988).
 
 
 17
 The New Mexico Supreme Court recently formulated a two-part test for determining legislative intent to punish in the multiple punishment context. Swafford v. State, 810 P.2d 1223, 1233 (N.M.1991). The first part of the test "asks the question that Supreme Court precedents assume to be true: whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes." Id. If the conduct is not unitary, then the double jeopardy clause does not prohibit multiple punishment in the same trial, id., and there is no need to proceed to the second part of the test, id. at 1234. The second part of the test examines the statutes at issue and "asks whether the legislature intended multiple punishments for unitary conduct." Id. at 1233-34. "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." Id. at 1233.
 
 A. Kidnapping and CSP II
 
 18
 We agree with the magistrate's conclusion that the conduct underlying the CSP II and kidnapping convictions was not unitary within the meaning of Swafford. Swafford directs that whether conduct is unitary "depends to a large degree on the elements of the charged offenses and the facts presented at trial." Id. CSP II is defined as unlawful criminal sexual penetration committed "in the commission of any other felony." N.M.Stat.Ann. § 30-9-11(B)(4) (Michie 1991 Cumm.Supp.). Kidnapping is defined as "the unlawful taking, restraining or confining of a person, by force ... with intent that the victim ... be held to service against [her] will." Id. § 30-4-1(A)(3) (1984 Repl.Pamp.). Starnes argues the conduct is unitary because the conduct underlying the kidnapping and CSP II charges arose out of an assault against one victim, at one time and place. However, Swafford instructs that time and space considerations are not necessarily determinative of whether conduct underlying multiple charges is distinguishable; in some cases "resort must be had to the quality and nature of the acts or to the objects and results involved." 810 P.2d at 1234.
 
 
 19
 In State v. McGuire, 795 P.2d 996, 1000 (N.M.1990), the New Mexico Supreme Court recognized that every act of criminal sexual penetration could also constitute an act of kidnapping, given that the kidnapping offense does not require asportation of the victim. To resolve the double jeopardy challenge, the McGuire court examined whether identical facts necessarily supported both charges. Id. The defendant in McGuire forced his victim from the front seat of her car to the back, and, while his brother drove the car, the defendant bound the victim's hands and feet, gagged her mouth, and then raped her. Id. at 999. The defendant was convicted of kidnapping and CSP II. The McGuire court concluded that the CSP II offense was not subsumed within the kidnapping offense because the jury could have reasonably found an independent factual basis for the two offenses from the evidence at trial. Id. at 1001; see also Swafford, 810 P.2d at 1234 (recognizing that even though McGuire did not analyze double jeopardy challenge under rubric of unitary conduct, it appropriately recognized the fundamental concern of the unitary conduct question "that similar statutory provisions sharing certain elements may support separate convictions and punishments where examination of the facts presented at trial establish that the jury reasonably could have inferred independent factual bases for the charged offenses").
 
 
 20
 We conclude that in this case substantial evidence was presented from which the jury could have concluded that independent factual bases support the CSP II and kidnapping charges. The victim was physically restrained and led from room to room. She was tied to a clothes rod in the closet and forced to wear a bikini and a pair of high-heeled shoes. Then, back in her bedroom, she was pushed into certain positions on her bed and told to puff a marijuana cigarette. All of these acts that she was forced to perform were of a different nature than the acts which support the CSP II convictions. Additionally, they all occurred before she was forced to perform fellatio. The conduct underlying the kidnapping charge was sufficiently distinct from the conduct underlying the CSP II charges to support separate convictions. See Herron v. State, 805 P.2d 624, 628 (N.M.1991) (movement or relocation of victim tends to establish that acts involved in continuous criminal episode are separate and distinct). Therefore, Starnes has failed to show that the conduct underlying the two offenses is unitary.
 
 B. Aggravated Burglary and CSP II
 
 21
 Aggravated burglary is an unauthorized entry with the intent to commit any felony or theft and commission of a battery upon any person in the place entered. N.M.Stat.Ann. § 30-16-4(c) (1984 Repl.Pamp.). Starnes argues that his convictions for CSP II and aggravated burglary constitute multiple punishment for the same offense because the jury might have relied on the evidence of sexual penetration underlying the CSP II charges as the battery required to aggravate the burglary. Starnes' double jeopardy challenge fails, however, unless the conduct underlying the CSP II and aggravated burglary convictions is unitary. Swafford, 810 P.2d at 1233.
 
 
 22
 The jury was instructed at the beginning of the trial that the battery for the burglary charge was a battery other than the acts of criminal sexual penetration. Additionally, the record contains sufficient evidence, discrete from the acts of sexual penetration, from which the jury could infer that the battery of the burglary charge was distinct from the conduct underlying the CSP II charges. We conclude that Starnes has failed to show that the conduct underlying the two offenses is unitary.
 
 
 23
 II. Ineffective Assistance and Impartial Juror Claims
 
 
 24
 Starnes argues that his trial counsel provided ineffective assistance by failing to object when a juror was allowed to remain on the jury despite his personal knowledge of the case. During Starnes' trial, one of the jurors, Mr. Roach, sent a note to the judge stating that he knew of the case and he was a good friend of the victim's boss, Mr. Rink. Mr. Roach recalled that he once heard Mr. Rink comment that he had been up all night with an employee, but Mr. Roach did not know whether that comment was related to this case. Mr. Roach also recalled that Starnes' case had previously ended in a mistrial. The judge questioned Mr. Roach and found that he could continue to sit on the jury because he could hear the case fairly and impartially. Starnes' trial attorney stated that he had no objection to Mr. Roach remaining on the jury. The judge allowed Mr. Roach to remain on the jury, over the prosecutor's objection.
 
 
 25
 For Starnes to prevail on his ineffective assistance claim he must show that his counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Starnes must also show that his counsel's deficient performance prejudiced the defense. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 
 
 26
 We need not consider whether the performance of Starnes' trial attorney was deficient because we agree with the conclusion below that Starnes has failed to demonstrate that he was prejudiced from his attorney's failure to object to Mr. Roach's presence on the jury. See Church v. Sullivan, 942 F.2d 1501, 1513 (10th Cir.1991) (noting that, under Strickland, 466 U.S. at 697, " 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' ").
 
 
 27
 Attempting to show prejudice, Starnes argues that Mr. Roach had so much outside knowledge about the case that he should have been disqualified from sitting on the jury. The presence of a biased person on the jury constitutes prejudice under Strickland. See Johnson v. Armontrout, 961 F.2d 748, 755-56 (8th Cir.1992). Additionally, Starnes' Sixth Amendment right to an impartial jury is violated if any member of the jury was biased. Id. The presumption that a juror was impartial can be raised by demonstrating that the juror actually possessed an opinion or impression. Murphy v. Florida, 421 U.S. 794, 800 (1975) (citation omitted).
 
 
 28
 In this case, the state trial court made a factual finding that Mr. Roach was impartial. The state court's finding of a juror's impartiality is presumed to be correct. Baca v. Sullivan, 821 F.2d 1480, 1483 (10th Cir.1987). Starnes argues that the record does not support such a finding because Mr. Roach admitted personal knowledge of the previous mistrial, as well as personal knowledge that corroborated the victim's testimony that she sought the help of her employer after the assault. Mr. Roach explained to the state trial court judge, however, that he did not know whether the employee with whom his friend, Mr. Rink, had stayed up was the victim, or even whether the incident of which Mr. Rink spoke involved a criminal matter. Mr. Roach told the judge that he had no knowledge of the facts of the case, other than what he revealed in his note and what he learned at trial. After careful review of the arguments and the record, we find that Starnes has failed to demonstrate that Mr. Roach was biased, or make any other showing of prejudice. We agree with the determination below that Starnes' ineffective assistance of counsel claim lacks merit.
 
 
 29
 Starnes also claims that his Sixth Amendment right to a fair and impartial jury was violated by Mr. Roach's presence on the jury. In light of our conclusion that Starnes has failed to show Mr. Roach was biased, we agree with the district court that this claim lacks merit.
 
 
 30
 We grant Starnes a certificate of probable cause. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3