**UNITED STATES of America, Appellee,**

**v.**

**Andre P. BROWN, Appellant.**

No. 93–3133.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 10, 1994.

Decided June 21, 1994.

Michael W. Kirk, Washington, DC (appointed by the court), argued the cause for appellant.

Ann K.H. Simon, Asst. U.S. Atty., Washington, DC, argued the cause for appellee. On brief were Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and Leslie A. Blackmon, Asst. U.S. Attys.

Before: EDWARDS, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Appellant Andre P. Brown seeks reversal of his convictions of assault on a police officer with a dangerous weapon, in violation of D.C.Code § 22–505(b), and carrying a pistol without a license, in violation of D.C.Code § 22–3204(a). Brown claims that he was denied his sixth amendment right to an impartial jury because one of his jurors was actually biased. We affirm the convictions, however, because Brown failed to raise this argument below.

## I.

John Hardy, a member of Brown's jury venire, reported on his jury qualification questionnaire that he was a "youth correctional officer." Defense counsel received the completed questionnaire before jury *voir dire*. During *voir dire*, the district court asked that any prospective juror who worked in any capacity for a law enforcement agency raise his or her hand. The trial transcript does not explicitly reveal who raised their hands, but the judge apparently attempted to speak with each individual who responded. After speaking with ten prospective jurors, but not with Hardy, the judge asked "Does that complete everyone who has a response to that question?" Appellant's Appendix ("AA") at 22. According to the record, no one responded.

Hardy was empaneled as one of the jurors. After closing arguments, but before jury instructions, defense counsel notified the court that he believed Hardy misrepresented his law enforcement background during *voir dire*. Because of Hardy's apparent failure to respond to the court's questions regarding law enforcement employment during *voir dire*, Brown's attorney asked that Hardy be struck from the jury: "[W]hen he was asked the question 'Do you have any law enforcement background or are you in law enforcement or anyone in your family,' he never responded. And I feel on that basis that I'm going to ask that he be struck from the jury." AA at 24. The judge decided to question Hardy in chambers. Hardy asserted that he had responded to the *voir dire* question.[1] After the judge and Hardy conversed, Brown's lawyer also questioned Hardy. He then asked again that Hardy be struck from the jury: "I would also say, as a last point, and I'm asking once again that he be struck from the jury, I think coming in here was somewhat intimidating to him." AA at 29–30. The court declined to excuse Hardy.

The jury convicted Brown on two of five counts on which he had been indicted. Because the jury could not reach a verdict on the other three counts, the court declared a mistrial as to them. In a post-trial motion, Brown requested a new trial on the two convictions because of Hardy's presence on the jury and his actual bias. Later, Brown and the government reached a plea agreement under which Brown pled guilty to one of the three mistried counts and the government dismissed the other two. As part of the agreement Brown withdrew his new trial

---

1. The following colloquy took place:

    **Court:** [It appears] that you had some law enforcement background or correctional guard—or tell me what it is.
    **Hardy:** Okay. I'm a youth correctional officer at Oak Hill.
    **Court:** At Oak Hill. All right. How long have you been there at Oak Hill?
    **Hardy:** Five years this month.
    **Court:** Did you answer that question when I asked if any of you have law enforcement experience?
    **Hardy:** Yes, I did.
    **Court:** Did you tell me you were out there at Oak Hill?

    **Hardy:** I said I was a youth correctional officer.
    **Court:** Right. But you did say you were a youth correctional officer.
    **Hardy:** Yes.
    **Court:** You just didn't specify which place, or we didn't ask.
    **Hardy:** No.
    **Court:** All right. Counsel have any inquiry you wish to make?
    . . . .
    **Defense Counsel:** Did you respond in open court when the judge asked?
    **Hardy:** Yeah. I held up my hand.
    AA at 26–28.

motion but reserved his right to appeal the convictions.

## II.

Brown argues that Hardy was actually biased and that his presence on the jury violated Brown's sixth amendment right to an impartial jury.[2] The government contends that Brown waived this argument.[3] Because we find that Brown did not ask that Hardy be struck for actual bias, and because we conclude that he has not shown actual bias, we affirm the convictions.

At trial, Brown moved to strike Hardy for two reasons. First, he argued that by not raising his hand during *voir dire* Hardy lied and the lying disqualified him from serving. Second, Brown suggested that the in-chambers questioning of Hardy intimidated him, apparently implying that Hardy would therefore be unable to deliberate impartially. At no point during trial did he raise the issue of actual bias, that is, whether Hardy "favor[ed] or disfavor[ed] one side for reasons other than the weight of the evidence." *United States v. Boney*, 977 F.2d 624, 637 (D.C.Cir. 1992) (Randolph, J., dissenting). Indeed, Brown first claimed actual bias in his mistrial motion filed after the trial, the motion he withdrew as part of the plea agreement.

■■■ A party seeking to establish actual bias must put the trial court on meaningful notice of the issue to be resolved. Brown failed to do this. We have previously rejected the proposition that a potential juror's deliberate concealment of a material fact constitutes *per se* evidence of bias. *United States v. North*, 910 F.2d 843, 905 (D.C.Cir.), *modified in part and reh'g denied in part*, 920 F.2d 940 (D.C.Cir.1990) (en banc), *cert. denied*, 500 U.S. 941, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). Because we have rejected this proposition, defense counsel's argument at trial that Hardy concealed relevant information does not suffice to raise the issue of actual bias. Moreover, we reject Brown's suggestion that a law enforcement officer must be struck for cause whenever the de-

fendant is charged with assaulting a police officer. Brown cites no cases so holding and we have found none. Because Brown did not assert an actual bias claim, we review the claim for plain error only. *See, e.g., United States v. Bradshaw*, 935 F.2d 295, 300 (D.C.Cir.1991).

■■■ Brown asserts, however, that an actual bias claim cannot be lost by failure to raise it. *See* Reply Brief of Appellant at 1. In support of his contention he points to *Johnson v. Armontrout*, 961 F.2d 748 (8th Cir. 1992), in which the defendant failed to raise his sixth amendment claim at trial but the court nonetheless considered it. It is questionable whether *Armontrout* stands for the proposition that a sixth amendment claim cannot be lost through failure to object. In any event, none of the cases relied upon by the *Armontrout* court supports such a proposition and some directly contradict it. *See, e.g., Robinson v. Monsanto*, 758 F.2d 331, 335 (8th Cir.1985) ("[T]he right to challenge a juror is waived by failure to object at the time the jury is empaneled if the basis for objection might have been discovered during voir dire."); *Ford v. United States*, 201 F.2d 300, 301 (5th Cir.1953) ("If not seasonably exercised, the [statutory] objection [to the empaneling of a convicted felon] is waived."). Because the appellant offers no reason, and we can think of none, to distinguish a sixth amendment claim from other constitutional claims, we conclude, as the First Circuit has, that plain error analysis is applicable to a sixth amendment claim not raised at trial. *United States v. Uribe*, 890 F.2d 554, 560 n. 4 (1st Cir.1989).

■■■ As an alternative to his theory that an actual bias claim cannot be lost, Brown points out that he did allege actual bias in his new trial motion. Reply Brief of Appellant at 2. But this fact is insufficient to preserve the issue for appeal because Brown withdrew the motion as part of the plea agreement. The trial court never had an opportunity to consider the actual bias claim. That Brown

---

2. The sixth amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to ... an impartial jury...."

3. Waiver is not the real issue, however. Brown did not affirmatively waive his sixth amendment right; he simply failed to assert it.

 

undoubtedly retained his right to appeal is similarly insufficient. His right to appeal extends only to those issues properly preserved for appeal at trial—in other words, to those issues raised below. But, as noted above, Brown failed to make an actual bias claim.

Because Brown did not raise his sixth amendment bias argument we resort to plain error analysis. To establish his right to a new trial, a party challenging the presence of a biased juror "must show that the juror's correct response at *voir dire* would have demonstrated actual bias." *North,* 910 F.2d at 904 (citing *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984)). In other words, if Hardy *had* admitted his law enforcement background, the admission would have had to have established actual bias. We do not find this to be the case. All we know is that Hardy truthfully reported his law enforcement background on the jury questionnaire but apparently failed to raise his hand during *voir dire* and misled the judge about this fact during the in-chambers interview. This is hardly ideal juror behavior, but neither is it proof of actual bias amounting to plain error.

Brown does not pursue on appeal the second ground he raised for striking Hardy, that Hardy was intimidated by the in-chambers conference. We note in passing, however, that the judge responded appropriately to that objection: "I cannot possibly see how that could have been intimidating. On the contrary, we are quietly sitting around in a circle here in chambers. It even makes less impact than [questioning] does in the courtroom, which is one reason I didn't do it in the courtroom." AA at 30. There is no reason to believe the brief in-chambers interview would have diminished Hardy's performance as a juror.

Brown had ample opportunity to establish Hardy's alleged bias. Before *voir dire* he received Hardy's questionnaire responses, stating that he was a "youth correctional officer." He could have questioned Hardy on his law enforcement background during *voir dire* but chose not to do so. He also spoke individually with Hardy during the in-chambers interview. At no point did he allege, much less establish, actual bias. The convictions are, therefore,

*Affirmed.*