United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1692WM

_____

Thomas Lee Umphfrey,                    *
                                        *
              Appellant,                *     Appeal from the United States
                                        *     District Court for the Western
    v.                                  *     District of Missouri.
                                        *
Michael Groose,                         *          [UNPUBLISHED]
                                        *
              Appellee.                 *

_____

Submitted:  November 21, 1997
Filed:   December 29, 1997

_____

Before FAGG and HANSEN, Circuit Judges, and PIERSOL,* District Judge.

_____

PER CURIAM.

    Thomas Lee Umphfrey was convicted of robbery in Missouri state court and his conviction was affirmed on direct appeal. See State v. Umphfrey, 694 S.W.2d 816 (Mo. Ct. App. 1985) (per curiam). After state postconviction relief was denied, Umphfrey filed this federal habeas petition claiming he was denied his Sixth Amendment right to an impartial jury. Two jurors had stated in voir dire that an innocent man would testify on his own behalf, and Umphfrey did not take the stand in

_____

*The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

his own defense. Umphfrey did not preserve the juror bias claim at trial or raise it on direct appeal. The district court denied habeas relief, holding Umphfrey procedurally defaulted his juror bias claim in state court and failed to show cause for his procedural default. Umphfrey appeals.

Umphfrey first asserts we should ignore his procedural default because the record establishes actual juror bias that amounts to a structural constitutional error, see Johnson v. Armontrout, 961 F.2d 748, 751-52 (8th Cir. 1992), but the record does not conclusively establish actual juror bias. Alternatively, Umphfrey asserts he has shown cause and prejudice to excuse his procedural default. See Sloan v. Delo, 54 F.3d 1371, 1381-82 (8th Cir. 1995), cert. denied, 116 S. Ct. 728 (1996). According to Umphfrey, the state's failure to send him a copy of the voir dire transcript constitutes cause. Umphfrey was present at both voir dire and the trial, however, so he did not need the transcript to know of the factual basis for raising the claim on direct appeal. As another cause for default, Umphfrey contends his trial attorney's failure to object to the biased jurors amounted to ineffective assistance of counsel. Umphfrey did not assert this ineffective assistance claim independently in state postconviction proceedings, so ineffective assistance of trial counsel cannot constitute cause. See Oxford v. Delo, 59 F.3d 741, 747 (8th Cir. 1995), cert. denied, 116 S. Ct. 1361 (1996). Additionally, contrary to Umphfrey's view, trial counsel was not ineffective. Trial counsel recognized the juror issue on the record in Umphfrey's presence, and for tactical purposes counsel declined to challenge the jurors. Umphfrey's claim that ineffective assistance of postconviction counsel excuses his procedural default is meritless. Because there is no right to effective assistance of counsel in postconviction proceedings, ineffective assistance of postconviction counsel cannot serve as cause to excuse a procedural default. See Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997).

We thus affirm the denial of Umphfrey's habeas petition.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.